[No. S099172. May 15, 2003.]

In re ESTEBAN NOE CHAVEZ on Habeas Corpus.

**COUNSEL**

David K. Rankin, under appointment by the Supreme Court, for Petitioner Esteban Noe Chavez.

Bill Lockyer, Attorney General, Robert Anderson and David P. Druliner, Chief Assistant Attorneys General, Garty W. Schons, Assistant Attorney General, Laura Whitcomb Halgren, Steven T. Oetting, Raquel M. Gonzalez and Kristine A. Gutierrez, Deputy Attorneys General, for Respondent the People.

**OPINION**

GEORGE, C. J.—When a defendant has pleaded guilty or no contest (nolo contendere) to a criminal charge, the defendant may not appeal the judgment of conviction on issues "going to the legality of the proceedings" unless, within 60 days of rendition of the judgment, he or she files with the trial court a written statement executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds for appeal and, within 20 days after that filing, the trial court executes and files a certificate of probable cause for appeal. (Pen. Code, § 1237.5; Cal. Rules of Court, rule

31(d).)[1] The issue in this case is whether relief from default is available when a defendant fails to *timely* file the statement of reasonable grounds for appeal required in order to obtain a certificate of probable cause.

In the Court of Appeal, defendant filed a petition for writ of habeas corpus, alleging that his statement of reasonable grounds for appeal should be deemed timely filed under the common law doctrine recognizing the "constructive filing" of an appeal. Instead, the Court of Appeal applied rule 45(e) to relieve defendant from the default occasioned by his failure to timely file the statement of reasonable grounds, based upon his demonstration of good cause, and granted his petition for writ of habeas corpus.

In this court, the Attorney General asserts that defendant was not entitled to file his belated appeal under either the theory of constructive filing or the provision for relief from default. We conclude that (1) rule 45(e) does not authorize the Court of Appeal to relieve a defendant from default resulting from his or her failure to timely file a statement of reasonable grounds for appeal, and thus we need not determine whether defendant established good cause for relief from default; and (2) the doctrine of constructive filing of an appeal is inapplicable in the circumstances of the present case. Defendant's statement of reasonable grounds for appeal not having been timely filed, we conclude that the judgment granting defendant's petition for writ of habeas corpus should be reversed.

I

In January 1999, following the discovery by police officers of more than 30 grams of heroin inside his vehicle, defendant was arrested and charged by information with possession for sale of a controlled substance (Health & Saf. Code, § 11351) and transportation of a controlled substance (Health & Saf. Code, § 11352, subd. (a)). It was alleged that defendant possessed for sale in excess of 14.25 grams of a substance containing heroin (Health & Saf. Code, § 11352.5, subd. (1)), that he was ineligible for probation (§ 1203.07, subd. (a)(1)), and that he had suffered a prior felony conviction (§§ 192, subd. (a), 667, subds. (d) & (e)(1), 1170.12, subds. (b) & (c)(1)).

On October 13, 1999, on the eve of trial and while represented by Attorney Ruben Salgado, defendant entered into a plea agreement, pleading guilty to all charges on the condition that he would be sentenced to a term of imprisonment of no more than eight years. The terms of the plea agreement provided that defendant was relinquishing his right to challenge on appeal the denial of his motion to suppress evidence pursuant to section 1538.5.

---

[1]All further statutory references are to the Penal Code unless otherwise specified. All further references to rules are to the California Rules of Court.

On January 28, 2000, represented by newly substituted Attorney Robert Weinburg, defendant moved to withdraw his plea of guilty on the ground that at the time of his plea, he had not been made aware that the prosecution at trial would have to establish beyond a reasonable doubt that he possessed the heroin for sale. On February 25, 2000, the trial court denied the motion and, pursuant to the terms of the plea agreement, sentenced defendant to a term of eight years in prison, consisting of twice the midterm of four years on the count of transportation of a controlled substance. The trial court stayed imposition of sentence on the other count of possession for sale of a controlled substance.

Defendant did not request that either attorney file a notice of appeal or a statement of reasonable grounds for appeal during the time between the date of the guilty plea and the date of the sentencing hearing. Several days following the sentencing hearing, defendant's family members urged to him to retain other counsel. On his behalf, defendant's aunt contacted Attorney Michael Garey. On March 6, 2000, Attorney Garey visited defendant in prison. Garey agreed to review defendant's file to determine whether to represent defendant on appeal, but did not agree to represent defendant in an appeal or to file any documents on his behalf. On April 24, 2000, one day prior to the expiration of the 60-day period in which to file a statement of reasonable grounds for appeal, Attorney Garey informed defendant's aunt that Garey did not believe adequate grounds existed to appeal from the judgment, and he declined to represent defendant.

On May 26, 2000, defendant forwarded to the California Appellate Project a motion to file a "belated notice of appeal." Defendant explained that in prison his receipt of mail was delayed up to three weeks, that he had not been permitted to use a telephone, and that only recently had he been advised in correspondence from his family that Attorney Garey had declined to represent him on appeal. On June 5, 2000, the California Appellate Project forwarded defendant's motion to Appellate Defenders, Inc.

On October 25, 2000, with the assistance of Appellate Defenders, Inc., defendant filed a petition for a writ of habeas corpus in the Court of Appeal. Defendant alleged that he had failed to timely file the statement of reasonable grounds for appeal because of the conduct of Attorney Garey, and that, therefore, pursuant to the doctrine of constructive filing, defendant's statement of reasonable grounds should be deemed timely filed. The Court of Appeal determined instead that defendant, having shown good cause, was entitled to relief from default under rule 45(e), and granted the relief sought. The Attorney General petitioned this court for review. We reverse the judgment of the Court of Appeal.

## II

### A

In order to place our discussion in context, we note the distinction between an appeal from a judgment of conviction following a plea of not guilty and trial, and an appeal from a judgment of conviction following a plea of guilty or no contest. ▮ When a defendant pleads not guilty and is convicted as the result of a trial, in general any issue bearing on the determination of guilt and apparent from the record is cognizable on appeal. (See § 1237.) By contrast, when a defendant pleads guilty or no contest and is convicted without a trial, only limited issues are cognizable on appeal. A guilty plea admits every element of the charged offense and constitutes a conviction (*People v. Hoffard* (1995) 10 Cal.4th 1170, 1177-1178 [43 Cal.Rptr.2d 827, 899 P.2d 896] (*Hoffard*); *People v. Laudermilk* (1967) 67 Cal.2d 272, 281 [61 Cal.Rptr. 644, 431 P.2d 228]), and consequently issues that concern the determination of guilt or innocence are not cognizable. (*Hoffard, supra,* 10 Cal.4th at p. 1178; *People v. Ribero* (1971) 4 Cal.3d 55, 63 [92 Cal.Rptr. 692, 480 P.2d 308] (*Ribero*).) Instead, appellate review is limited to issues that concern the "jurisdiction of the court or the legality of the proceedings, including the constitutional validity of the plea." (*Hoffard, supra,* 10 Cal.4th at p. 1178; see *People v. Kaanehe* (1977) 19 Cal.3d 1, 9 [136 Cal.Rptr. 409, 559 P.2d 1028]; *Ribero, supra,* 4 Cal.3d at p. 63.)[2]

These distinctions between an appeal from a final judgment of conviction following a plea of not guilty and trial, and an appeal from a final judgment of conviction following a plea of guilty or no contest, are reflected in distinct but analogous statutes and related rules of court defining the procedure applicable to the taking of each type of appeal.

In the case of a judgment of conviction following a plea of not guilty and trial, section 1237, subdivision (a), generally authorizes an appeal without imposing any limitations on subject matter. Rule 31(a) sets forth the means to appeal, as well as the deadline—filing a notice of appeal in the superior court within 60 days after rendition of the judgment of conviction. (See § 1239, subd. (a).)

---

[2]In *Ribero, supra,* 4 Cal.3d at page 63, we enumerated the issues that, by the time of our decision, had been determined to be appealable following the entry of a plea of guilty or no contest: "insanity at the time of the plea . . . , ineffective waiver of constitutional rights, ineffective assistance of counsel . . . , a plea obtained by misrepresentation, . . . or other abuse of discretion in denying a motion to withdraw a guilty plea. . . ." (Citations omitted.) In subsequent decisions, the Courts of Appeal have found additional issues to be appealable, including the denial of pretrial diversion, the denial of a motion to dismiss based upon collateral estoppel, the failure to seek restitution prior to the filing of criminal charges of welfare fraud, and violation of the interstate agreement on detainers. (*People v. Meyer* (1986) 183 Cal.App.3d 1150, 1157-1158 [228 Cal.Rptr. 635].)

As we recently explained in *People v. Mendez* (1999) 19 Cal.4th 1084 [81 Cal.Rptr.2d 301, 969 P.2d 146] (*Mendez*), the sole required procedural step of filing a notice of appeal is critical to rendering the appeal operative following a judgment of conviction. ■ In general, a timely notice of appeal is " 'essential to appellate jurisdiction.' (6 Witkin & Epstein, Cal. Criminal Law (2d ed. 1989) Appeal, § 3220, p. 3979.) It largely divests the superior court of jurisdiction and vests it in the Court of Appeal. (*Id.,* §§ 3135-3136, pp. 3874-3876.) An untimely notice of appeal is 'wholly ineffectual: The delay cannot be waived, it cannot be cured by nunc pro tunc order, and the appellate court has no power to give relief, but must dismiss the appeal on motion of a party or on its own motion.' (*Id.,* § 3220, p. 3979.) The purpose of the requirement of a timely notice of appeal is, self-evidently, to further the finality of judgments by causing the defendant to take an appeal expeditiously or not at all." (*Mendez, supra,* 19 Cal.4th at p. 1094.)

In the case of a judgment of conviction following a plea of guilty or no contest, section 1237.5 authorizes an appeal only as to a particular category of issues and requires that additional procedural steps be taken. That statute provides: "No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere, or a revocation of probation following an admission of violation, except where both of the following are met: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court."

Rule 31(d) sets forth the applicable deadline, as well as other conditions, providing in part: "If a judgment of conviction is entered upon a plea of guilty or nolo contendere, the defendant shall, within 60 days after the judgment is rendered, file as an intended notice of appeal the statement required by section 1237.5 of the Penal Code; but the appeal shall not be operative unless the trial court executes and files the certificate of probable cause required by that section. ■ Within 20 days after the defendant files the statement the trial court shall execute and file either a certificate of probable cause or an order denying a certificate and shall forthwith notify the parties of the granting or denial of the certificate."[3]

In the case of an appeal from a judgment of conviction following a plea of guilty or no contest, as we previously have explained, the requirement of a

---

[3]Notwithstanding the broad language of the requirement in section 1237.5 that the defendant obtain a certificate, exceptions to the requirement, for issues related to search and seizure and postplea proceedings regarding the degree of the offense and the determination of penalty, also are set forth in rule 31(d). (*Mendez, supra,* 19 Cal.4th 1084, 1096-1097; *People*

certificate of probable cause is intended " 'to promote judicial economy' [citation] 'by screening out wholly frivolous guilty [and no contest] plea appeals before time and money are spent' on such matters as the preparation of the record on appeal [citation], the appointment of appellate counsel [citation], and, of course, consideration and decision of the appeal itself." (*Mendez, supra*, 19 Cal.4th at p. 1095; *Panizzon, supra*, 13 Cal.4th at pp. 75-76; *Hoffard, supra*, 10 Cal.4th at p. 1179.)

In such an appeal—raising so-called certificate issues—the certificate of probable cause must be obtained regardless of other procedural challenges being made. For example, a defendant who has filed a motion to withdraw a guilty plea that has been denied by the trial court still must secure a certificate of probable cause in order to challenge on appeal the validity of the guilty plea. (*In re Brown* (1973) 9 Cal.3d 679, 682-683 [108 Cal.Rptr. 801, 511 P.2d 1153]; see *Ribero, supra*, 4 Cal.3d at p. 63.) A defendant who challenges the validity of such a plea on the ground that trial counsel rendered ineffective assistance in advice regarding the plea may not circumvent the requirements of section 1237.5 by seeking a writ of habeas corpus. (*In re Brown, supra*, 9 Cal.3d at p. 683; see *Ribero, supra*, 4 Cal.3d at pp. 62-63.)

In addition, as we repeatedly have advised, a defendant seeking appellate review following a plea of guilty or no contest must *fully and timely comply* with *both* section 1237.5 and rule 31(d). A "defendant may not obtain review of certificate issues unless he has complied with section 1237.5 and rule 31(d), first paragraph, fully, and, specifically, in a timely fashion. . . ." (*Mendez, supra*, 19 Cal.4th at p. 1099, citing *People v. Breckenridge* (1992) 5 Cal.App.4th 1096 [8 Cal.Rptr.2d 1] (*Breckenridge*).) When a defendant has failed to comply with the requirements of section 1237.5 and rule 31(d), the Court of Appeal "generally may not proceed to the merits of the appeal, but must order dismissal . . . ." (*Mendez, supra*, 19 Cal.4th at pp. 1096, 1099; *Panizzon, supra*, 13 Cal.4th 68, 75.)

---

v. *Lloyd* (1998) 17 Cal.4th 658, 664 [72 Cal.Rptr.2d 224, 951 P.2d 1191] (*Lloyd*); *People v. Panizzon* (1996) 13 Cal.4th 68, 75 [51 Cal.Rptr.2d 851, 913 P.2d 1061] (*Panizzon*); *People v. Kaanehe, supra*, 19 Cal.3d 1, 8.) If an "appeal from a judgment of conviction entered upon a plea of guilty or nolo contendere is based solely upon grounds (1) occurring after entry of the plea which do not challenge its validity or (2) involving a search or seizure, the validity of which was contested pursuant to section 1538.5 . . . , the provisions of section 1237.5 . . . requiring a statement by the defendant and a certificate of probable cause by the trial court are inapplicable . . . ." (Rule 31(d).) In that case, the notice of appeal must state it is based upon such a ground in order to render the appeal operative.

Nonetheless, "a challenge to a negotiated sentence imposed as part of a plea bargain is properly viewed as a challenge to the validity of the plea itself. Therefore, it [is] incumbent upon [such a] defendant to seek and obtain a probable cause certificate in order to attack the sentence on appeal." (*Panizzon, supra*, 13 Cal.4th at p. 79; cf. *Lloyd, supra*, 17 Cal.4th 658, 664-666.)

Notwithstanding our repeated admonitions that a defendant must fully and *in a timely fashion* comply with section 1237.5 and rule 31(d), defendants have sought exemption from the requirement of full and timely compliance by invoking rules or other authority not squarely addressed in our prior decisions. We now consider the efficacy of the two theories relied upon in the present case to exempt defendant from the requirement that he timely file a statement of reasonable grounds for appeal in order to secure a certificate of probable cause.

B

First we examine whether, as the Court of Appeal concluded, defendant's failure to timely file a statement of reasonable grounds for appeal in order to obtain a certificate of probable cause may be excused pursuant to rule 45(e). That rule provides in part: "The reviewing court for good cause may relieve a party from a default occasioned by any failure to comply with these rules, *except the failure to give timely notice of appeal.*" (Italics added.)

In general, rule 45(e) enables the appellate court to provide relief to a party who fails to comply with the appellate rules, thus avoiding the consequences of default, when the party is able to demonstrate good cause for its failure to comply. No relief from default may be granted for failure timely to file a notice of appeal. In specifically *exempting* the requirement that a party timely file a notice of appeal from rule 45(e)'s provision of relief from the other appellate requirements of the Rules of Court, that rule essentially delineates an "exception to the exception" from procedural default for a particular type of default. The "inexcusable" nature of delay in taking an appeal, thus recognized in rule 45(e), comports with the fundamental jurisdictional nature of the notice of appeal. (See *Mendez, supra,* 19 Cal.4th at p. 1094; accord, *Sharp v. Union Pacific R.R. Co.* (1992) 8 Cal.App.4th 357, 361 [9 Cal.Rptr.2d 925] [in civil action, rule 45(e) did not afford relief from jurisdictional necessity of timely filed notice of appeal]; 6 Witkin & Epstein, Cal. Criminal Law, *supra,* § 3220, p. 3979.)

We now consider the relationship between the relevant rules of court. By its terms, rule 45(e) may not be utilized to relieve a party from default for failure to timely file a notice of appeal. In an appeal following a plea of guilty or no contest, rule 31(d) by its terms directs the defendant to "file *as an intended notice of appeal* the statement required by section 1237.5." (Italics added.) The question arises whether the exception for timely notice of appeal—recognized in the discretionary relief otherwise authorized by rule 45(e)—*includes* the timely filing of a statement of reasonable grounds

for appeal. We have determined that, for purposes of rule 45(e), filing a statement of reasonable grounds for appeal is the equivalent of filing a notice of appeal, and consequently that this rule does not afford relief from default in timely filing the required statement.

Our conclusion is based upon the evident correspondence between the statutes and rules governing the two types of appeals. As we have seen, section 1237, as implemented by rule 31(a), authorizes a party to file a notice of appeal but also requires that the party do so, if at all, within 60 days of rendition of the judgment of conviction in order to vest jurisdiction in the appellate court. Similarly, section 1237.5, as implemented by rule 31(d), authorizes a party pleading guilty or no contest to file a statement of reasonable grounds for appeal, but also requires that the party do so, if at all, within 60 days of rendition of the judgment. The latter filing has the same effect in vesting jurisdiction in the appellate court. It follows that the timely filing of a statement of reasonable grounds may no more be excused than the timely filing of a notice of appeal.[4]

That rationale is not undermined in the least by the circumstance that a party raising so-called certificate issues is required to use a form—a statement of reasonable grounds—different from the notice of appeal. In view of the substantial functional identity of these filings under the two types of procedures, an appeal initiated by the filing of a statement of reasonable grounds must be regarded as the equivalent of an appeal initiated by the filing of a notice of appeal. Accordingly, both types of appeal must be initiated by timely filings, and both are excluded from the provision offering relief from default under rule 45(e) in the event of "good cause."

Our conclusion also is premised upon considerations of policy. Because the special procedures applicable in the case of an appeal from a judgment of conviction following a plea of guilty or no contest are intended to promote judicial economy by screening out wholly frivolous appeals prior to the commitment of economic and legal resources to such matters (*Mendez, supra,* 19 Cal.4th at p. 1095; *Panizzon, supra,* 13 Cal.4th at pp. 75-76), such an appeal should be accorded less leniency than other appeals, rather than more, when we consider possible exemption from a procedural requirement. If the special procedures applicable to such an appeal are intended to

---

[4]The filing of a statement of reasonable grounds initiates an appeal following a plea of guilty or no contest. The filing by the trial court of the certificate of probable cause acts to make the appeal *operative.* (Rule 31(d); see *Lloyd, supra,* 17 Cal.4th 658, 663; *Panizzon, supra,* 13 Cal.4th at p. 75.) In the present case we are concerned with the timely filing of the statement of reasonable grounds.

promote finality of judgment, granting relief from procedural deadlines is even less appropriate in these cases.[5]

Our conclusion is further supported by the general considerations that guide application of the rules of court promulgated by the Judicial Council pursuant to its authority under California Constitution, article VI, section 6, to adopt "rules for court administration, practice and procedure." (See *Snukal v. Flightways Manufacturing, Inc.* (2000) 23 Cal.4th 754, 762 [98 Cal.Rptr.2d 1, 3 P.3d 286].) The Rules of Court are intended to refine and explain the procedure set forth in the statutory scheme (*Mendez, supra,* 19 Cal.4th at pp. 1093-1094; *Butterfield v. Butterfield* (1934) 1 Cal.2d 227, 228 [34 P.2d 145]), consistently with legislative and constitutional law (*In re Dorothy B.* (1986) 182 Cal.App.3d 509, 516 [227 Cal.Rptr. 472]; *Paul D. v. Superior Court* (1984) 158 Cal.App.3d 838, 841 [205 Cal.Rptr. 77]). Rule 45(e) is among those appellate rules for the Supreme Court and the Courts of Appeal that have *general application* in both civil and criminal cases. Consistent with that status, the rule may not be construed to authorize a separate waiver in the case of a particular type of criminal appeal.

The foregoing discussion reveals the common jurisdictional function served by filing a notice of appeal pursuant to section 1237 and filing a statement of reasonable grounds pursuant to section 1237.5. We have noted the common time period in rule 31(a) and (d) applicable to each type of filing. To construe rule 45(e) as forbidding a reviewing court from relieving a party from the consequences of its failure to timely file a notice in an appeal authorized by section 1237, but enabling the reviewing court to relieve a party from the consequences of its failure to timely file the statement of reasonable grounds required in an appeal authorized by section 1237.5, would be contrary to the common elements of the authorizing statutes and implementing rules and contrary to their common purpose of providing precise and definitive limitations on the right to appeal.

Such a construction of rule 45(e) also would be entirely incompatible with the more limited nature of an appeal following a plea of guilty or no contest,

---

[5] Strict adherence to procedural deadlines and other requirements governing appeals that emanate from judgments entered upon pleas of guilty or no contest is vital, in view of the circumstance that such judgments represent the vast majority of felony and misdemeanor dispositions in criminal cases. In fiscal year 2000-2001, of the total number of felony dispositions consisting of felony convictions, less than 5 percent followed a trial by the court or by a jury, and of the total number of felony dispositions consisting of reductions to misdemeanor convictions, less than 3 percent followed court or jury trial. Similarly, of the total number of misdemeanor dispositions consisting of convictions, less than 3 percent followed court or jury trial. (Judicial Council of Cal., Court Statistics Rep., Statewide Caseload Trends, 1991-1992 Through 2000-2001 (2002) pp. 51-53.)

a circumstance suggesting that, if anything, *less* leniency is to be accorded a defendant who fails to comply with the greater procedural restrictions governing that type of appeal. Finally, such a construction would be unreasonable in view of rule 45(e)'s general application to appellate court review of civil and criminal cases.

In reaching a contrary conclusion in the present case, the Court of Appeal followed the rationale of *People v. Sturns* (2000) 77 Cal.App.4th 1382 [92 Cal.Rptr.2d 547] (*Sturns*). In that case, the Court of Appeal stated that rule 45(e) encompassed "leave to file a statement of certificate issues beyond the time limit established by rule 31(d) . . . upon a showing of good cause." (*Sturns*, at p. 1391 & fn. 5.) The court in *Sturns* did not grant the defendant relief from default, however, because he failed to justify his delay of several months between discovering that his trial attorney had failed to timely file a statement of reasonable grounds, and the date on which relief from default was sought. (*Id.* at p. 1398; see also *Breckenridge, supra,* 5 Cal.App.4th 1096, 1101-1103 [assuming applicability of rule 45(e) and denying relief on the facts of that case].)

In the present case the Court of Appeal invoked rule 45(e) to relieve defendant from the default caused by his failure to timely file his statement of reasonable grounds. Despite the circumstance that Attorney Garey never actually represented defendant, the Court of Appeal decided that defendant's default resulted from the attorney's delay in reviewing defendant's case and in informing him of his decision not to represent defendant. The Court of Appeal observed that, upon learning of the attorney's decision, defendant was diligent in seeking relief from default and demonstrated good cause for the delay.

As we have explained above, this interpretation of rule 45(e) ignores the specific function of the statement of reasonable grounds as a notice of appeal vesting jurisdiction in the reviewing court. It also is at odds with the general legislative intent, reflected in the creation of separate but analogous statutory provisions and implementing rules of court, to place greater *limitations* on the appeal process governing a defendant who pleads guilty or no contest than on the appeal process governing a defendant who pleads not guilty. The Court of Appeal's interpretation fails to reflect the function of this rule of *general* application on appeal in providing common standards for analogous appeals.

In addition, the decisions of the Courts of Appeal in the present case and in *Sturns* ultimately rely upon authority that interpreted *former* versions of the applicable provisions. In *Sturns*, the court cited *Ribero, supra,* 4 Cal.3d

55, 63, for the proposition that a reviewing court may, when a showing of good cause is made, relieve a defendant from default in timely filing a statement of reasonable grounds for appeal. (*Sturns, supra,* 77 Cal.App.4th 1382, 1391.) As respondent correctly points out, at the time of our decision in *Ribero* and prior to amendment on January 1, 1972, rule 31(a) and (d) provided a 10-day filing period, both for a notice of appeal and a statement of reasonable grounds for appeal and—in view of that shorter filing period—in *either* case expressly authorized the defendant to petition the reviewing court for relief from default in timely filing the appeal. (*In re Benoit* (1973) 10 Cal.3d 72, 84-85, fn. 12 [109 Cal.Rptr. 785, 514 P.2d 97] (*Benoit*); Historical Notes, 23 pt. 1 West's Ann. Codes, Rules (1996 ed.) foll. rule 31, pp. 323-324.)

Effective January 1, 1972, however, rule 31(a) and (d) *both* were amended to extend from 10 days to 60 days the period in which to file, respectively, a notice of appeal and a statement of reasonable grounds for appeal. The same amendments *eliminated* the provisions permitting the reviewing court to grant relief from default when a defendant could establish an appropriate excuse for the delay. (*Benoit, supra,* 10 Cal.3d 72, 84, fn. 12.) As the court in *Sturns* recognized, our discussion in *Ribero* of the possibility of relief from default was premised upon the former express provisions of rule 31 that were necessitated by the former, shorter filing period. (*Sturns, supra,* 77 Cal.App.4th at p. 1395.)

We acknowledge that, as the Court of Appeal in the present case observed, in *People v. Jones* (1995) 10 Cal.4th 1102, 1112, footnote 5 [43 Cal.Rptr.2d 464, 898 P.2d 910] (*Jones*), decided *after* the above described modification to the rules of court, we commented in passing (citing *Ribero, supra,* 4 Cal.3d 55) that a defendant may obtain relief from default in failing to timely file a statement of reasonable grounds for appeal. (See *Sturns, supra,* 77 Cal.App.4th at p. 1391 & fn. 5.) In *Jones* we made that observation without appearing to recognize that the rules underlying our decision in *Ribero* subsequently were amended to eliminate the language supporting the availability of such relief.

█ As is well established, a case is authority only for a proposition actually considered and decided therein. (*People v. Mendoza* (2000) 23 Cal.4th 896, 915 [98 Cal.Rptr.2d 431, 4 P.3d 265]; *Ginns v. Savage* (1964) 61 Cal.2d 520, 524, fn. 2 [39 Cal.Rptr. 377, 393 P.2d 689].) In *Jones,* we determined only that rule 31(d) does not govern the cognizability of *noncertificate* issues in an operative appeal. (*Jones, supra,* 10 Cal.4th at pp. 1112-1113.) █ Accordingly, the foregoing comment in *Jones* is dictum. In order to eliminate any further uncertainty, we disapprove that observation in *People v. Jones, supra,* 10 Cal.4th at page 1112, footnote 5.

To summarize, it is evident that in the context of an appeal from a judgment of conviction following a plea of guilty or no contest, a statement of reasonable grounds is intended to be, and is, a notice of appeal. As such, the untimely filing of a statement of reasonable grounds is subject to the same *exception* to the authority of a reviewing court to grant relief from default, under rule 45(e), that applies to the untimely filing of a notice of appeal. Because we conclude that the reviewing court was not authorized by rule 45(e) to relieve defendant from the default occasioned by his failure to timely file a statement of reasonable grounds for appeal, we need not, and do not, determine whether he demonstrated good cause for the delay in filing his statement.[6]

C

██ Defendant, relying upon *Benoit, supra,* 10 Cal.3d 72, contended in the Court of Appeal, as he does in this court, that his statement of reasonable grounds for appeal should be deemed timely filed under the doctrine of constructive filing. We originally enunciated that doctrine in *People v. Slobodion* (1947) 30 Cal.2d 362, 366-367 [181 P.2d 868], where we held that because the defendant delivered a notice of appeal to state prison employees for mailing six days prior to expiration of the period prescribed for filing an appeal, he had constructively filed the notice within the applicable period, notwithstanding the negligent delay of the prison employees in mailing the notice only after the specified time had expired.

In *Hollister Convalescent Hosp., Inc. v. Rico* (1975) 15 Cal.3d 660, 669 [125 Cal.Rptr. 757, 542 P.2d 1349], we observed that *Benoit* extended the principle of constructive filing announced in *People v. Slobodion, supra,* 30 Cal.2d at page 367, "to situations wherein an incarcerated criminal appellant has made arrangements with his attorney for the filing of a timely appeal and has displayed diligent but futile efforts in seeking to insure that the attorney has carried out his responsibility." In *Benoit,* we considered the petitions for writ of habeas corpus of two defendants who claimed that, as prisoners, they had relied upon their trial attorneys' express agreements to timely file notices of appeal and that the attorneys had failed to do so. Rejecting the argument that the 1972 amendment to rule 31(a) had abrogated the doctrine of constructive filing (*Benoit, supra,* 10 Cal.3d at pp. 78-85), we held that the doctrine applied when the untimely filing of a notice of appeal was due to certain negligence of trial counsel. (*Id.* at pp. 85-89; see *In re Jordan*

---

[6]We disapprove *People v. Sturns, supra,* 77 Cal.App.4th 1382, and *People v. Breckenridge, supra,* 5 Cal.App.4th 1096, 1101-1103, to the extent they are inconsistent with the conclusion we reach in the present case.

(1992) 4 Cal.4th 116, 125-126 [13 Cal.Rptr.2d 878, 840 P.2d 983] (*Jordan*).)[7]

In *Benoit*, we applied the doctrine of constructive filing based upon a *promise or representation* made by each defendant's attorney that he would timely file a notice of appeal on his client's behalf. (*Benoit, supra,* 10 Cal.3d at pp. 86-87.) We relied in part upon the circumstance that the assurances had been made by the defendants' *trial counsel*, noting that "the prisoner would be more justified in relying on his counsel who had represented him and might have some continuous concern for him . . . ." (*Id.* at p. 86.)

By contrast, in the present case defendant did not seek and did not receive any assurances from his original or substituted trial counsel that counsel would prepare or file a written statement of reasonable grounds for appeal. Defendant terminated his representation by appointed counsel, and his family explored the possibility of representation by retained counsel. Attorney Garey, far from assuring defendant or his family that he would prepare or file a statement of reasonable grounds for appeal, informed members of defendant's family of his uncertainty concerning whether he wished to represent defendant. Attorney Garey did not agree to represent, or in fact represent, defendant at any time.

It is evident that none of the criteria for application of the principle of constructive filing are present in defendant's case, and accordingly his statement of reasonable grounds for appeal may not be deemed constructively filed pursuant to *Benoit*. We expressly decline to extend the holding of that case to situations in which an attorney not only does not agree to prepare or file a statement of reasonable grounds for appeal, but also does not agree to represent the defendant. When, as in the present case, the only delay attributable to the attorney consists of failing to inform the defendant as early as possible that he or she does not agree to represent the defendant on appeal, the doctrine of constructive filing of a notice of appeal does not apply.

Defendant also urges that rule 31 reflects an intention that the rule will be applied in a liberal manner. In particular, he observes that rule 31(e) extends

---

[7]The Attorney General contends that the *Benoit* doctrine of constructive filing should not be extended to the timely filing of a statement of reasonable grounds for appeal in any case, and suggests that only the doctrine of constructive filing based upon a theory of estoppel may apply when the failure to timely file the statement arises through the inaction of state officials. As we determine below, the doctrine of constructive filing discussed in *Benoit* does not apply in the present case, because its criteria have not been satisfied. We need not, and therefore do not, decide whether the *Benoit* doctrine is inapplicable in every case involving the timeliness of filing a statement of reasonable grounds for appeal.

beyond 60 days the time period in which to file a notice of appeal when the notice was mailed by an incarcerated defendant and it is clear from examination of the mailing envelope that it "was mailed or delivered to custodial officials for mailing" within the 60-day time limit. Defendant also notes the provision in rule 31(e) that it is "intended to enlarge the authority of the clerk to file a notice of appeal under the stated circumstances. It is not intended to limit the appeal rights of the defendant under the 'prison-delivery rule,' as stated in *In re Jordan* [*supra,*] 4 Cal.4th 116, or under other applicable case law."

Neither rule 31(e) nor the "prison-delivery rule" as stated in *Jordan* assists defendant in the present case. By its terms, rule 31(e) enlarges the authority of the clerk of the court to file a notice of appeal in circumstances in which it is clear that the defendant mailed or delivered the notice of appeal for mailing by prison officials *within* the 60-day limit. In *Jordan, supra,* 4 Cal.4th 116, 124-130, we reaffirmed the validity of the prison-delivery rule, pursuant to which an incarcerated defendant's notice of appeal is deemed timely filed if delivered to prison authorities *within* the 60-day filing period provided in rule 31(a). Assuming, for the sake of argument, that these standards apply equally to a statement of reasonable grounds for appeal, it is clear that defendant did not mail, or deliver to prison authorities, his statement of reasonable grounds within 60 days after rendition of the judgment of conviction.

As we have explained, the Court of Appeal was not authorized by rule 45(e) to relieve defendant from the default caused by his failure to timely file a statement of reasonable grounds for appeal. Defendant's statement of reasonable grounds was not, and may not be deemed, constructively filed within the time limit provided.

III

The judgment of the Court of Appeal granting defendant's petition for writ of habeas corpus is reversed.

Kennard, J., Baxter, J., Werdegar, J., Chin, J., Brown, J., and Moreno, J., concurred.