[No. B169324. Second Dist., Div. Five. Nov. 25, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
KEVIN LEE WAY, Defendant and Appellant.

## COUNSEL

Valerie G. Wass, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Lance E. Winters and Timothy M. Weiner, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**TURNER, P. J.**—Defendant, Kevin Lee Way, pleaded guilty to inflicting corporal injury on a cohabitant in violation of Penal Code[1] section 273.5, subdivision (a). He was sentenced to eight years in state prison. Defendant filed a notice of appeal "from the final judgment of conviction." We issued an order to show cause concerning possible dismissal of the appeal for failure to fully and timely comply with both section 1237.5 and California Rules of Court,[2] rule 31(d). After allowing briefing and affording the parties the option of oral argument, we now dismiss the appeal.

---

[1] All further statutory references are to the Penal Code unless otherwise noted.

[2] All further references to a rule are to the California Rules of Court.

Pursuant to section 1237.5, a defendant may not appeal from a judgment of conviction entered on a guilty or nolo contendere plea unless: "(a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury[,] showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court." (*In re Chavez* (2003) 30 Cal.4th 643, 646–647, 650 [134 Cal.Rptr.2d 54, 68 P.3d 347]; *People v. Panizzon* (1996) 13 Cal.4th 68, 74 [51 Cal.Rptr.2d 851, 913 P.2d 1061].) Pursuant to rule 31(d), "If a judgment of conviction is entered upon a plea of guilty or nolo contendere, a defendant shall, within 60 days after the judgment is rendered, file as an intended notice of appeal the statement required by section 1237.5 of the Penal Code; but the appeal shall not be operative unless the trial court executes and files the certificate of probable cause required by that section."

A defendant seeking appellate review following a guilty or nolo contendere plea must fully and timely comply with both section 1237.5 and rule 31(d). (*In re Chavez, supra,* 30 Cal.4th at p. 651; *People v. Mendez* (1999) 19 Cal.4th 1084, 1099 [81 Cal.Rptr.2d 301, 969 P.2d 146].) Absent such full and timely compliance, the appeal must be dismissed. (*In re Chavez, supra,* 30 Cal.4th at p. 651; *People v. Mendez, supra,* 19 Cal.4th at pp. 1096, 1099; *People v. Panizzon, supra,* 13 Cal.4th at p. 75.)

It is well settled, however, that a defendant may appeal from a judgment of conviction entered on a guilty or nolo contendere plea without complying with section 1237.5 and rule 31(d) if the accused asserts only "noncertificate" grounds. (*People v. Lloyd* (1998) 17 Cal.4th 658, 664 [72 Cal.Rptr.2d 224, 951 P.2d 1191]; *People v. Panizzon, supra,* 13 Cal.4th at pp. 74–75; *People v. Jones* (1995) 10 Cal.4th 1102, 1106 [43 Cal.Rptr.2d 464, 898 P.2d 910]; *People v. Ward* (1967) 66 Cal.2d 571, 574 [58 Cal.Rptr. 313, 426 P.2d 881].) The exception is noted in rule 31(d), which describes in pertinent part what the accused must insert in a notice of appeal in order to assert noncertificate grounds for reversal or modification of a judgment. Rule 31(d) provides, "If the appeal from a judgment of conviction entered upon a plea of guilty or nolo contendere is based solely upon grounds . . . occurring after entry of the plea which do not challenge its validity . . . the provisions of section 1237.5 . . . are inapplicable, but the appeal shall not be operative unless the notice of appeal states that it is based upon such grounds." Under rule 31(d), a notice of appeal on noncertificate grounds must state that it is based upon such grounds, i.e., matters "occurring after entry of the plea which do not challenge its validity." (*People v. Lloyd, supra,* 17 Cal.4th at pp. 664–665; see *People v. Panizzon, supra,* 13 Cal.4th at p. 75.)

Defendant contends: "Since he did not request a certificate of probable cause, or indicate that he was challenging the validity of his plea, the notice [of appeal] implies that his appeal is based on noncertificate grounds.

Accordingly, the appeal should not be dismissed, but instead limited to noncertificate grounds." Defendant relies on *People v. Lloyd, supra,* 17 Cal.4th at pages 663–665.

*Lloyd* is distinguishable. The notice of appeal filed in *Lloyd* followed a judgment of conviction entered on a nolo contendere plea. The Supreme Court described the notice of appeal as follows: "The notice of appeal was drafted on a form. It bears the handwritten notation: 'Rule 31(d).' It contains the printed sentence: 'Defendant hereby appeals from the judgment . . . .' The printed word 'judgment' is crossed out and the handwritten word 'sentence' appears above its place." (*People v. Lloyd, supra,* 17 Cal.4th at pp. 664–665.) The Supreme Court held that while, to be effective under rule 31(d), a notice of appeal must state that it is based upon grounds "occurring after entry of the plea which do not challenge its validity," there is no requirement that it do so expressly rather than impliedly. (17 Cal.4th at p. 665.) The Supreme Court further held the notice of appeal at issue was in fact sufficient because it impliedly stated—through its combined reference to the " 'sentence' " and " 'Rule 31(d)' "—that the appeal was based on noncertificate grounds. (*Ibid.*) The Supreme Court noted: "There is a requirement that a notice of appeal must 'be liberally construed in favor of its sufficiency.' ([Rule] 31(b).)" (*Ibid.*) The Supreme Court concluded, "On balance—and in light of the People's concession at oral argument [that the appeal raised only postplea matters]— the notice of appeal may be deemed sufficient." (*Ibid.*) In *Lloyd,* therefore, the Supreme Court relied on three factors in construing the notice of appeal as sufficient under the exception in rule 31(d)—the reference to the "sentence," the notation "Rule 31(d)," and the Attorney General's concession that the appeal raised only postplea matters.

The notice of appeal in this case differs materially from that filed in *Lloyd.* Unlike the notice of appeal filed in *Lloyd,* it does not impliedly state that the appeal is solely on noncertificate grounds. The present notice of appeal is "from the final judgment of conviction," not, as in *Lloyd,* from the "sentence." The notice of appeal does not contain any reference to rule 31(d). The Attorney General does not concede that the notice of appeal falls within an exception to defendant's duty to full and timely comply with section 1237.5 and rule 31(d). The notice of appeal "from the final judgment of conviction" cannot be liberally construed as impliedly based *solely* on noncertificate grounds. Because defendant failed to fully and timely comply with section 1237.5 and rule 31(d), we cannot proceed to the merits of the appeal, and it must be dismissed. (*In re Chavez, supra,* 30 Cal.4th at p. 651; *People v. Mendez, supra,* 19 Cal.4th at pp. 1096, 1099; *People v. Panizzon, supra,* 13 Cal.4th at p. 75.)

The appeal is dismissed.

Grignon, J., and Armstrong, J., concurred.

Appellant's petition for review by the Supreme Court was denied February 24, 2004.