Filed 3/8/13  P. v. Edmonds CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE, | B244375 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA084117) |
| v. |  |
| FRANK EDWARD EDMONDS, |  |
| Defendant and Appellant. |  |

APPEAL from a judgment of the Superior Court of Los Angeles County, Steven R. Van Sicklen, Judge.  Dismissed.

David L. Polsky, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance on behalf of Plaintiff and Respondent.

On September 26, 2012, defendant, Frank Edward Edmonds, pled nolo contendere to a felony violation of Penal Code section 69.  Defendant, who has filed a notice of appeal, failed to secure a probable cause certificate.  We have a duty to raise issues concerning our jurisdiction on our own motion.  (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126; *Olson v. Cory* (1983) 35 Cal.3d 390, 398.)  We issued an order to show cause re possible dismissal and placed the matter on calendar.

Defendant has failed to fully and timely comply with both Penal Code section 1237.5 and California Rules of Court, rule 8.304(b).  (*In re Chavez* (2003) 30 Cal.4th 643, 651; *People v. Mendez* (1999) 19 Cal.4th 1084, 1099; *People v. Way* (2003) 113 Cal.App.4th 733, 736.)  Without a probable cause certificate, defendant cannot appeal. (*People v. Kaanehe* (1977) 19 Cal.3d 1, 8; *People v. Ribero* (1971) 4 Cal.3d 55, 61; *People v. West* (1970) 3 Cal.3d 595, 600-601; *People v. Ward* (1967) 66 Cal.2d 571, 574-576.)  Moreover, the notice of appeal fails to comply with California Rules of Court, rule 8.304(b)(4)(B) in that it does not state defendant is appealing from matters occurring after the plea which does not affect its validity.  (*People v. Mendez*, *supra*, 19 Cal.4th at p. 1096; see *People v. Fulton* (2009) 179 Cal.App.4th 1230, 1235-1236, disapproved on another ground in *People v. Maultsby* (2012) 53 Cal.4th 296, 298.)

Defendant argues that he wishes to challenge the denial of a peace officer personnel records motion.  Such an order would not be appealable after defendant pled nolo contendere.  (See *People v. Mazurette* (2001) 24 Cal.4th 789, 792; *People v. DeVaughn* (1977) 18 Cal.3d 889, 896, *People v. Collins* (2004) 115 Cal.App.4th 137, 148; compare *People v. Moore* (2003) 105 Cal.App.4th 94, 99-100.)  Even if the pre-plea peace officer personnel records order would be appealable, no probable cause certificate has been secured and that ends the matter.  Insofar as defendant attempts, on direct appeal, that we consider his declaration which was not before the trial court, we decline to do so.  (*In re Zeth S.* (2003) 31 Cal.4th 396, 405; *People v. Merriam* (1967) 66 Cal.2d 390, 396, overruled by *People v. Rincon-Pineda* (1975) 14 Cal.3d 864, 882.)  If defendant wishes to raise these issues by means of a habeas corpus petition where we can consider the additional evidence, he remains free to do so.  Finally, we judicially notice

the July 12, 2012 transcript attached to defendant's papers filed in response to our order to show cause.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

TURNER, P. J.,

We concur:

KRIEGLER, J.

O'NEILL, J. [*]

---

[*] Judge of the Ventura County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.