Filed 3/16/15  P. v. Nelson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>QUENTIN GILES NELSON,<br><br>     Defendant and Appellant. | C076553<br><br>(Super. Ct. No. 12F04951) |

Appointed counsel for defendant Quentin Giles Nelson asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Defendant filed a supplemental brief.  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

I

Around July 22, 2012, defendant became angry with his ex-girlfriend for going out with friends.  He followed her, punched out the window of her car, stabbed her

1

repeatedly, dragged her from the car and slashed her throat. The victim's injuries required an extensive stay in the hospital.

Defendant pleaded no contest to attempted murder (Pen. Code, §§ 664/187),[1] mayhem (§ 203), and 16 counts of assault with a deadly weapon (§ 245, subd. (a)(1)). He also admitted enhancement allegations that he personally inflicted great bodily injury (§ 12022.7, subd. (e)) and was armed with a deadly weapon (§ 12022, subd. (b)(1)). The plea agreement included a stipulated term of 32 years four months in prison and a waiver of the section 654 prohibition against multiple punishment.

The trial court imposed the stipulated term, ordered various fines and fees, and awarded 618 days of presentence credit (538 actual days and 80 conduct days). Defendant obtained a certificate of probable cause.

                                    II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief.

Defendant filed a supplemental brief asserting that the 16 counts of assault with a deadly weapon (counts 3 through 18) duplicated his count 1 attempted murder charge and his count 2 mayhem charge. But each of the assault counts related to an injury inflicted on a different part of the victim's body, and defendant pleaded no contest to each count in exchange for the prosecution not filing aggravated mayhem charges and thereby exposing defendant to a possible life sentence.

To the extent defendant asserts he cannot be convicted on all of the counts, his contention lacks merit. Because defendant admitted the charges pursuant to a plea

---

[1] Undesignated statutory references are to the Penal Code.

agreement, he impliedly admitted there were separate acts supporting counts 1, 10, 11 and 12. Because those offenses were charged and admitted as separate acts and the record does not show otherwise, the plea stands. (See also *In re Chavez* (2003) 30 Cal.4th 643, 649.)

Moreover, to the extent defendant contends he should not have been punished for the assault counts as well as the attempted murder and mayhem counts, the contention is foreclosed by his waiver of the section 654 prohibition against multiple punishment.

Defendant asserts similar arguments regarding the count 2 mayhem charge and the count 5 assault charge (which both alleged injuries to the victim's ear). For the reasons already discussed, the arguments lack merit.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

                                                       MAURO     , J.


We concur:


     ROBIE     , Acting P. J.


     DUARTE     , J.