Filed 6/16/15  P. v. Luna CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JUAN M. LUNA,<br><br>    Defendant and Appellant. | B262245<br><br>(Los Angeles County<br>Super. Ct. No. BA423107) |


APPEAL from the judgment and order of the Superior Court of Los Angeles County, Monica Bachner, Judge.  Dismissed.

Jill Ishida, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala Harris, Attorney General, and Steven Mercer, Deputy Attorney General, for Plaintiff and Respondent.

Defendant, Juan Michael Luna, timely appeals after he was sentenced to county jail for violating Penal Code section 69.  On September 8, 2014, he pled nolo contendere to the Penal Code section 69 charge.  On December 2, 2014, defendant's motion to withdraw his nolo contendere plea was denied.  Defendant never secured a probable cause certificate.  We noted defendant's absence of a probable cause certificate, issued an order to show cause concerning possible dismissal and placed the matter on calendar.  We have a duty to raise issues concerning our jurisdiction on our own motion.  (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126; *Olson v. Cory* (1983) 35 Cal.3d 390, 398.)

Defendant has failed to fully and timely comply with both Penal Code section 1237.5 and California Rules of Court, rule 8.304(b).  (*In re Chavez* (2003) 30 Cal.4th 643, 651; *People v. Mendez* (1999) 19 Cal.4th 1084, 1099; *People v. Way* (2003) 113 Cal.App.4th 733, 736.)  Without a probable cause certificate, defendant cannot appeal.  (*People v. Kaanehe* (1977) 19 Cal.3d 1, 8; *People v. Ribero* (1971) 4 Cal.3d 55, 61; *People v. West* (1970) 3 Cal.3d 595, 600-601; *People v. Ward* (1967) 66 Cal.2d 571, 574-576.)  Moreover, the notice of appeal fails to comply with California Rules of Court, rule 8.304(b)(4)(B).  The notice of appeal does not state defendant is appealing from matters occurring after the plea which does not affect its validity.  (*People v. Mendez*, *supra*, 19 Cal.4th at p. 1096; see *People v. Fulton* (2009) 179 Cal.App.4th 1230, 1235-1236.)  We have no jurisdiction over defendant's appeal.

The appeal is dismissed.

                                  NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


                         TURNER, P. J.

We concur:

         KRIEGLER, J.            KIRSCHNER, J.[*]

---

[*]      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

2