Filed 2/10/16  P. v. Benavidez CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ROSS BENAVIDEZ,<br><br>    Defendant and Appellant. | B267988<br><br>(Los Angeles County<br>Super. Ct. No. NA101734) |

APPEAL from an order of the Superior Court of Los Angeles County, Laura L. Laesecke, Judge.  Dismissed.

Sally P. Brajevich, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant, Ross Benavidez, purports to appeal after he was sentenced to prison. On July 23, 2015, defendant pled no contest to an auto theft charge and admitted he had previously been convicted of attempted murder. (Pen. Code, §§ 187, subd. (a), 664, subd. (a), 666.5, subd. (a), 667, subd. (e)(1) and 1170.12, subd. (c)(1).) Defendant's probable cause certificate issuance request was denied. We recognized that potentially we may not have jurisdiction over this appeal as it resulted from a no contest plea. We have a duty to raise issues concerning our jurisdiction on our own motion. (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126; *Olson v. Cory* (1983) 35 Cal.3d 390, 398.) Thus, we issued an order to show cause concerning possible dismissal of the appeal and placed the matter on calendar.

Defendant has failed to fully and timely comply with both Penal Code section 1237.5 and California Rules of Court, rule 8.304(b) [1]. (*In re Chavez* (2003) 30 Cal.4th 643, 651 (*Chavez*); *People v. Mendez* (1999) 19 Cal.4th 1084, 1099; *People v. Way* (2003) 113 Cal.App.4th 733, 736.) Without a probable cause certificate, defendant cannot appeal. (*People v. Kaanehe* (1977) 19 Cal.3d 1, 8; *People v. Ribero* (1971) 4 Cal.3d 55, 61; *People v. West* (1970) 3 Cal.3d 595, 600-601; *People v. Ward* (1967) 66 Cal.2d 571, 574-576.) Moreover, the notice of appeal fails to comply with rule 8.304(b)(4)(B) in that it does not state defendant is appealing from matters occurring after the plea which does not affect its validity. (*People v. Mendez, supra,* 19 Cal.4th at p. 1096; see *People v. Fulton* (2009) 179 Cal.App.4th 1230, 1235-1236, disapproved of on a related ground in *People v. Maultsby* (2012) 53 Cal.4th 296.) Here, defendant's challenge is not to the sentence but to the plea agreement itself. An integral part of the plea agreement was the four-year sentence defendant received and thus the probable cause certificate requirement applies. (*People v. Panizzon* (1996) 13 Cal.4th 68, 76-79; *People v. Cole* (2001) 88 Cal.App.4th 850, 867; *People v. McKnight* (1985) 171

---

[1] Future references to a rule are to the California Rules of Court.

Cal.App.3d 620, 624.)  Under these circumstances, without a probable cause certificate, defendant cannot appeal.

Defendant suggests he is entitled to relief from default for failure to have secured a probable cause certificate.  Defendant relies upon the case of *Chavez, supra,* 30 Cal.4th at pages 652-657.  *Chavez* is not controlling because:  it squarely holds that relief from default may not be granted pursuant to former rule 45(e), now rule 8.60(d) (*Chavez, supra,* 30 Cal.4th at pp. 652-657); defendant is not entitled to relief from default because he has timely submitted a probable cause issuance request which was denied; and if he is seeking relief from default, he has not filed a proper motion.  (Rules 8.50 & 8.54*; People v. McEwen* (2007) 147 Cal.App.4th 173, 179.)

The appeal is dismissed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


TURNER, P. J.


We concur:


KRIEGLER, J.


BAKER, J