Filed 9/19/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> DILLAN MICHAEL WOODS, <br><br> Defendant and Appellant. | 2d Crim. No. B269253 <br> (Super. Ct. No. 15PT-00694) <br> (San Luis Obispo County) |

A prisoner may be committed for treatment under the Mentally Disordered Offender (MDO) Act if, among other things, he or she was sentenced to prison for an enumerated crime of violence or an unenumerated crime involving the use of force or violence or a threat to use force or violence likely to produce substantial physical harm.[1]  In *People v. Stevens* (2015) 62 Cal.4th 325 (*Stevens*), our Supreme Court held that "in a commitment hearing under the MDO Act, the People may not prove the facts underlying the commitment offense (that are necessary to establish the qualifying offense) through a mental health expert's testimony."  (*Id.* at p. 339.)

---

[1] Pen. Code, § 2962, subd. (e)(2)(A)-(Q).  All statutory references are to the Penal Code.

Appellant Dillan Michael Woods was declared an MDO based on his conviction of resisting an executive officer (§ 69), an offense not specifically enumerated in the MDO Act. The qualifying nature of the crime, however, was established by evidence he pled guilty to a complaint expressly alleging that he used force and violence in committing the offense. We reject appellant's claim that *Stevens* renders this evidence insufficient to support his MDO commitment. We affirm.

FACTS AND PROCEDURAL HISTORY

In 2014, appellant was convicted of resisting an executive officer and was sentenced to two years in state prison. In October 2015, the Board of Parole Hearings certified him for MDO treatment.

Dr. Brandi Mathews conducted an evaluation of appellant and reviewed his medical records and prior MDO evaluations. She also reviewed the probation report and consulted with appellant's treating psychologist and psychiatrist. Dr. Mathews concluded that appellant met the MDO criteria. On the issue of appellant's commitment offense, the People offered copies of the felony complaint charging appellant with resisting an executive officer in violation of section 69 and the abstract of judgment reflecting he was convicted by guilty plea of that crime. The complaint states that appellant "did willfully and unlawfully attempt by means of threats and violence to deter and prevent Contra Costa Sheriff's Office Deputies D. Roberts, J. Dyer, K. Emley, and J. Hiles, who were executive officers, from performing a duty imposed upon the officers by law, and knowingly resisted by the use of force and violence and by means of threats of violence the executive officers in the performance of duty." The complaint further reflects that appellant was separately charged with committing a battery against Deputy Roberts in violation of sections 242 and 243.

The prosecutor asked Dr. Mathews if she had determined whether appellant's commitment offense involved the use of force or violence (§ 2962, subd. (e)(2)(P)) or an express or implied threat to use force or violence (*id.*, subd. (e)(2)(Q)). The court sustained appellant's objection on the ground that Dr. Mathews was not qualified to make that determination. The court also noted, "I think you have an argument as we discussed at sidebar that [the commitment offense] would qualify under subdivision (q) [of section 2962] . . . . [B]ut the only evidence that you have on that . . . is an abstract of judgment."

At the conclusion of the hearing, the court found that appellant's commitment offense qualified him for MDO treatment "based on [him] having either . . . used force or violence or threatened [*sic*]." The court further found that the remaining MDO criteria had also been met and accordingly denied appellant's petition and ordered him committed for one year of treatment.

DISCUSSION

Appellant contends the evidence is insufficient to establish that his conviction for resisting an executive officer (§ 69) is a qualifying offense under the MDO Act. He claims the record fails to support a finding that his crime involved either the actual use of force or violence (§ 2962, subd. (e)(2)(P)) or an express or implied threat to use force or violence (*id.*, subd. (e)(2)(Q)). We disagree.

We review the trial court's ruling under the substantial evidence standard. We must affirm if the evidence, viewed in the light most favorable to the judgment, could have led any rational trier of fact to make a finding that appellant's offense of resisting an executive officer involved the threat or use of force or violence. (See *People v. Clark* (2000) 82 Cal.App.4th 1072, 1082-1083; *People v. Martin* (2005) 127 Cal.App.4th 970, 975.)

Although five of the six criteria for appellant's MDO commitment were established by expert testimony, the sixth—that he was sentenced to prison for

3

a qualifying offense—was established by his plea to the specific allegations of the accusatory pleading charging him with resisting an executive officer.**2**  "Section 69 can be violated in two ways: first, by attempting with threats or violence to deter an officer from performing his or her duties; and second, by resisting an officer by force or violence."  (*People v. Campbell* (2008) 233 Cal.App.4th 148, 160.)  Appellant was charged with, and pled guilty to, both deterring *and* resisting.  To prove that the crime was a qualifying offense, the prosecution offered a copy of the abstract of judgment reflecting appellant's guilty plea conviction along with a copy of the felony complaint alleging, among other things, that appellant had "knowingly resisted *by the use of force and violence* and by means of threats and violence the executive officers in the performance of duty."  (Italics added.)

This evidence is sufficient to support the trial court's finding that appellant's commitment offense was one "in which the prisoner used force or violence" as set forth in subdivision (e)(2)(P) of section 2962.  In arguing otherwise, appellant notes the court appears to have agreed with the prosecution's assertion that section 69 "is a violent offense on its face" and that a mere conviction of that crime qualifies a prisoner for treatment under both of the MDO Act's catchall provisions.  Although we reject this assertion, we review the legal

---

**2** To establish that a prisoner is an MDO, "the People have the burden of proving beyond a reasonable doubt [citation] six criteria:  (1) the prisoner has been sentenced to prison for a qualifying offense; (2) '[t]he prisoner has a severe mental disorder'; (3) the disorder 'is not in remission or cannot be kept in remission without treatment'; (4) the disorder 'was one of the causes of or was an aggravating factor in the commission of [the] crime'; (5) '[t]he prisoner has been in treatment for the . . . disorder for 90 days or more within the year prior to the prisoner's parole or release'; and (6) specified mental health professionals have evaluated the prisoner and have found that criteria (2) through (4) are satisfied, and the chief psychiatrist of the Department of Corrections and Rehabilitation has certified that criteria (2) through (5) have been satisfied and also that 'by reason of his or her . . . disorder the prisoner represents a substantial danger of physical harm to others.' [Citations.]"  (*People v. Baker* (2012) 204 Cal.App.4th 1234, 1243.)

4

correctness of the trial court's ruling, not its reasoning. (*People v. Zapien* (1993) 4 Cal.4th 929, 976.)[3]

Appellant also erroneously interprets the holding in *Stevens* to mean that the People could not prove his commitment offense qualified him for MDO treatment without offering admissible evidence of facts underlying the offense. *Stevens* merely dictates that such facts cannot be proven through expert testimony. The opinion did not contemplate a situation, like the present one, in which the People offered documentary evidence that the prisoner admitted his commitment offense involved the use of force or violence. The crime of resisting an executive officer in violation of section 69, as charged here, included the use of force or violence as an essential element. By pleading guilty, appellant admitted every element of the charged crime. (*In re Chavez* (2003) 30 Cal.4th 643, 649.) Because he admitted using force and violence, proof of the underlying facts was not essential to a finding that the crime involved the use of force or violence, as contemplated in subdivision (e)(2)(P) of section 2962.

---

[3] The crime of *deterring* an officer by means of *threat* does not fall under section 2962, subdivision (e)(2)(P), because it does not involve the actual use of force or violence. Moreover, the crime would not fall under section 2962, subdivision (e)(2)(Q)'s catchall provision unless the evidence established the defendant "threatened another with the use of force or violence likely to produce substantial physical harm in such a manner that a reasonable person would believe and expect that the force or violence would be used. . . ." (*Ibid.*) Although the provision goes on to clarify that "substantial physical harm shall not require proof that the threatened act was likely to cause great or serious bodily injury" (*ibid.*), it appears manifest that the requisite showing would require proof beyond the mere fact of the conviction.

The judgment (MDO commitment order) is affirmed.

CERTIFIED FOR PUBLICATION.


PERREN, J.


We concur:


GILBERT, P. J.


YEGAN, J.

6

Donald G. Umhofer, Judge

Superior Court County of San Luis Obispo

_____

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, Eric J. Kohm, Deputy Attorney General, for Plaintiff and Respondent.