Filed 4/24/13  P. v. Jacobs CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F064685 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF35556) |
| v. | |
| SARAH MARIE JACOBS, | **OPINION** |
| Defendant and Appellant. | |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Tuolumne County.  Eric L. DuTemple, Judge.

Carol Foster, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Leanne LeMon, and Lewis A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

[*]Before Kane, Acting P.J., Franson, J. and Peña, J.

Defendant Sarah Marie Jacobs pled guilty to one count of selling marijuana (Health & Saf. Code, § 11360, subd. (a)) and one count of possession of marijuana for sale (*id.*, § 11359). She was sentenced to five years' probation and ordered to serve four months in the county jail in accordance with her plea. Defendant contends and respondent concedes that she must be allowed to withdraw her plea as unenforceable; it was conditioned upon her preserving the right to appeal a pretrial ruling by the trial court. We find defendant's plea was induced by an unenforceable promise and, therefore, she is entitled to withdraw her plea.

**PROCEDURAL AND FACTUAL BACKGROUND**

On August 10, 2011, defendant was charged in an amended information with two counts of marijuana sales and one count of possessing marijuana for sale. The charges were based upon defendant's operation of Alternative Natural Solutions, a medical marijuana dispensary. On February 27, 2012, at a pretrial hearing, defendant entered into a negotiated disposition of the case. The following exchange took place:

> "[DEFENSE COUNSEL]: [Defendant] will plead guilty to Counts I and II. And for that plea, she'll receive five years felony probation and county lid. The Court also gave an indication of a nine-month cap.
>
> "In addition, [defendant] will not be waiving her right to an appeal, and the District Attorney and I will set some facts on the record. And also, I believe [the prosecutor] will be filing his motion regarding jury instructions.
>
> "[PROSECUTOR]: Introduction of evidence motion in limine.
>
> "THE COURT: Motion in limine for purposes of preserving the right to appeal?
>
> "[DEFENSE COUNSEL]: Yes."

The parties went on to provide a statement of facts to the court, and the People filed a motion to exclude medical marijuana evidence. After reviewing the motion and the stipulated facts provided by the parties, the trial court granted the People's motion in limine. The court explained that it's ruling would allow defendant "to appeal this Court's

2.

ruling on that motion upon an entry of plea." Defendant filled out and signed a change of plea form in connection with her plea. The change of plea form contained a box stating "**Waiver of Appeal:** I understand that I will be waiving my right to appeal and I will not be able to appeal from this Court's sentence based on the plea that I enter into in this matter." Consistent with the discussion of appellate right with the parties, the plea form has the notation "N/A" written into the boxes next to the waiver of appellate rights.[1] Subsequently, the trial court took defendant's plea and sentenced her in accordance with that plea. Prior to filing this appeal, defendant obtained a certificate of probable cause in accordance with Penal Code section 1237.5.

## DISCUSSION

### Defendant's Plea Was Improperly Induced by an Unenforceable Promise

It is well settled that only limited issues are cognizable on appeal following a guilty plea.

> "A guilty plea admits every element of the charged offense and constitutes a conviction [citations], and consequently issues that concern the determination of guilt or innocence are not cognizable. [Citations.] Instead, appellate review is limited to issues that concern the 'jurisdiction of the court or the legality of the proceedings, including the constitutional validity of the plea.' [Citations.]" (*In re Chavez* (2003) 30 Cal.4th 643, 649, fn. omitted.)

Indeed, Penal Code section 1237.5, which governs the right to appeal following a guilty plea, provides that a defendant may not seek an appeal from a guilty plea unless "(a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings," and "(b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court." (*Ibid.*)

---

[1]Defendant may have initialed the box originally, but those initials appear to be marked out.

3.

A pretrial ruling regarding the applicability of defenses at trial is an issue that goes to guilt or innocence, and therefore is not reviewable on appeal. (*People v. Shults* (1984) 151 Cal.App.3d 714, 718-720.) The issuance of a certificate of probable cause does not operate to expand the scope of review to include a noncognizable issue. (*People v. Hoffard* (1995) 10 Cal.4th 1170, 1178; *People v. Kaanehe* (1977) 19 Cal.3d 1, 9.) Thus, the issue of whether the trial court erred by granting the People's motion to exclude evidence relating to medical marijuana may not be reviewed on appeal.

Both parties concede that the issue sought to be preserved in the trial court was indeed waived by the entry of the plea. The question then becomes whether defendant's plea was premised upon her right to appeal the trial court's decision. "Where a guilty plea … has been improperly induced by unenforceable promises that issues have been preserved for appeal the defendant … is entitled to an opportunity to withdraw the plea." (*Ricki J. v. Superior Court* (2005) 128 Cal.App.4th 783, 792.) It is apparent from a plain reading of the hearing on the change of plea that defendant's plea was, in fact, induced by the promise that she would be able to appeal the ruling. Consequently, she is now entitled to withdraw her plea if she so chooses. (*People v. DeVaughn* (1977) 18 Cal.3d 889, 896; *People v. Hollins* (1993) 15 Cal.App.4th 567, 574.)

## DISPOSITION

The case is remanded to the trial court with instructions to allow defendant an opportunity to withdraw her plea. If defendant fails to withdraw the plea within 60 days of the remittitur, the judgment is affirmed.