Filed 6/12/13  P. v. Warnock CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B242563 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA052952) |
| v. | |
| ROBERT LAMAR WARNOCK, | |
| Defendant and Appellant. | |

THE COURT:*

Defendant and appellant Robert Lamar Warnock (defendant) appeals from a judgment entered upon a plea of no contest to second degree robbery. His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues. On February 14, 2013, we notified defendant of his counsel's brief and gave him leave to file a supplemental brief. Defendant has filed a supplemental brief in which he contends that his sentence contained an unauthorized enhancement and that his trial counsel provided ineffective assistance. Upon reviewing the entire record, we have determined that we lack jurisdiction and thus we dismiss the appeal.

---

* BOREN, P. J., ASHMANN-GERST, J., CHAVEZ, J.

Defendant was charged in an amended information with second degree robbery in violation of Penal Code section 211 (count 1),[1] and possession of marijuana for sale, in violation of Health and Safety Code section 11359 (count 2). It was also alleged that defendant personally used a firearm in the commission of counts 1 and 2, within the meaning of section 12022.53, subdivision (b). Count 3 charged defendant with possession of a firearm by a felon with two prior felony convictions, in violation of section 12021, subdivision (a)(1). The amended information also alleged that defendant suffered a prior conviction for robbery in 1998, pursuant to the "Three Strikes" law (§§ 1170.12, subds. (a)-(d) & 667, subds. (b)-(i)), for purposes of the five-year sentence enhancement of section 667, subdivision (a)(1), and for the one-year sentence enhancement of section 667.5, subdivision (b).

On April 30, 2012, defendant accepted the prosecution's offer of a 19-year prison term, conditioned upon his plea to count 1 and an admission of both the firearm allegation and his prior robbery conviction. After advising defendant of his rights and the consequences of his plea, the trial court sentenced him to the low term of two years, doubled as a second strike, plus a consecutive five-year enhancement due to the 1998 robbery conviction, and a consecutive 10-year term for the personal use of a firearm. The court also imposed mandatory fines and fees, ordered defendant to provide biological samples, and scheduled a restitution hearing.

At the restitution hearing, compensation to the victim was ordered in the agreed upon sum of $4,950. Defendant was awarded presentence custody credit of 365 actual days plus 15 percent conduct credits, for a total of 419 days. Defense counsel then informed the court that defendant wished to withdraw his plea based on his belief that he was misinformed regarding the five-year sentence enhancement. The court reminded defendant that he agreed to a 19-year sentence and explained how it was calculated. When defendant appeared to confuse the one-year prison prior enhancement with the

---

[1] All further statutory references are to the Penal Code, unless otherwise indicated.

five-year enhancement, the court explained the difference, and defendant said he understood.

Defendant filed a timely notice of appeal and applied for a certificate of probable cause, which the trial court denied. In his supplemental brief on appeal, defendant contends that the trial court imposed an unauthorized sentence enhancement and that counsel was ineffective for permitting him to admit the prior conviction. As defendant's contentions affect the validity of his plea, we must dismiss the appeal. (See *People v. Shelton* (2006) 37 Cal.4th 759, 769; *In re Chavez* (2003) 30 Cal.4th 643, 651; § 1237.5; Cal. Rules of Court, rule 8.304(b).)

We have examined the entire record and are satisfied that defendant's appellate counsel has fully complied with his responsibilities and that we have no jurisdiction to consider defendant's appeal. We conclude that defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

The appeal is dismissed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.