Filed 8/7/13  P. v. Phillips CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KRISTAL MARIE PHILLIPS,<br><br>    Defendant and Appellant. | 2d Crim. No. B244975<br>(Super. Ct. Nos. MA056166-01,<br>MA057013-01)<br>(Los Angeles County) |

Kristal Marie Phillips appeals an order revoking probation in case No. MA056166-01, and a judgment after conviction in case No. MA057013-01, after she waived her constitutional rights, admitted violating probation, and pleaded nolo contendere to second degree burglary.  (Pen. Code, §§ 459, 460)[1]  Phillips did not obtain a certificate of probable cause for this appeal.

We appointed counsel to represent Phillips in this appeal.  After examination of the record, counsel filed an opening brief raising no issues.  (*People v. Wende* (1979) 25 Cal.3d 436, 441.)  On June 5, 2013, we advised Phillips that she had 30 days within which to personally submit any contentions or issues that she wished to raise on appeal.  On June 26, 2013, we received a response from her contending that 1) insufficient evidence supports the judgment and 2) the trial court abused its discretion by

---

[1] All further statutory references are to the Penal Code unless stated otherwise.

declining to sentence her to a "split sentence" pursuant to section 1170, subdivision (h)(5)(B). Pursuant to *People v. Kelly* (2006) 40 Cal.4th 106, 123-124, we present a factual and procedural summary of the case and a brief discussion of Phillips's contentions.

## FACTS AND PROCEDURAL HISTORY

On May 22, 2012, Phillips waived her right to a preliminary hearing, waived her constitutional rights, and entered a plea of nolo contendere to the unlawful driving or taking of a motor vehicle. (Veh. Code, § 10851, subd. (a).) Phillips also admitted serving two prior prison terms within the meaning of section 667.5, subdivision (b). Pursuant to a plea agreement, the trial court sentenced Phillips to a five year prison term, suspended execution of sentence, and granted Phillips five years of formal probation. (Case No. MA056166-01.)

On August 7, 2012, the prosecutor charged Phillips with one count of second degree burglary, involving her theft of merchandise from a store. (Case No. MA057013-01.) The prosecutor also sought to revoke Phillips's probation in the earlier case. On August 17, 2012, Phillips waived her right to a preliminary examination, waived her constitutional rights, and pleaded nolo contendere to one count of second degree burglary. She also admitted violating probation in the prior case. Pursuant to a plea agreement, the trial court sentenced Phillips to a two-year term to be served concurrently with the five-year term already imposed. The court revoked probation, ordered execution of sentence, imposed various fines and fees, and awarded Phillips 110 days presentence custody credit in case No. MA056166-01, and 78 days credit in case No. MA57013-01.

## DISCUSSION

### I.

Phillips contends that insufficient evidence supports her second degree burglary conviction.

Generally, a defendant who pleads guilty or nolo contendere to a charge and who appeals thereafter must obtain a certificate of probable cause. (§ 1237.5; *People v. Mendez* (1999) 19 Cal.4th 1084, 1088.) Two exceptions to the rule exist -- search and seizure issues and postplea issues that do not affect the validity of the plea. *(Mendez,* at p. 1096.) Here Phillips did not obtain a certificate of probable cause and neither exception pertains to her appeal.

Moreover, Phillips entered a negotiated plea that admits all facts of her crime, thereby relieving the prosecution of its burden of proof beyond a reasonable doubt. (*In re Chavez* (2003) 30 Cal.4th 643, 649.) Thus, her claim of insufficient evidence is forfeited by her plea.

## II.

Phillips also argues that the trial court abused its discretion by denying her motion for a split-sentence that would involve community residential drug treatment.

Section 1170, subdivision (h)(5) provides: "The court, when imposing a sentence pursuant to paragraph (1) or (2) of this subdivision, may commit the defendant to county jail as follows: [¶] (A) For a full term in custody as determined in accordance with the applicable sentencing law. [¶] (B)(i) For a term as determined in accordance with the applicable sentencing law, but suspend execution of a concluding portion of the term selected in the court's discretion, during which time the defendant shall be supervised by the county probation officer in accordance with the terms, conditions, and procedures generally applicable to persons placed on probation, for the remaining unserved portion of the sentence imposed by the court." The trial court has broad discretion in determining whether to impose a straight jail commitment or a "split" or "blended" sentence pursuant to section 1170, subdivision (h)(5)(B). (*People v. Clytus* (2012) 209 Cal.App.4th 1001, 1009.)

The trial court denied Phillips's motion after reviewing the court files and the probation report. The probation report discloses a long history of drug crimes,

probation violations, and prison commitments. Phillips has not established that the court abused its sentencing discretion.

We have reviewed the entire record and are satisfied that Phillips's attorney has fully complied with her responsibilities and that no arguable issue exists. (*People v. Wende, supra,* 25 Cal.3d 436, 441.)

The judgment is affirmed.

NOT TO BE PUBLISHED.

GILBERT, P.J.

We concur:

YEGAN, J.

PERREN, J.

4

Christopher G. Estes, Judge

Superior Court County of Los Angeles

_____


Marilyn Drath, under appointment by the Court of Appeal, for Defendant and Appellant.


No appearance for Plaintiff and Respondent.