Filed 6/24/14  P. v. Matias CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARCO ANTONIO MATIAS,<br><br>    Defendant and Appellant. | H039856<br>(Monterey County<br>Super. Ct. No. SS100989) |

Defendant Marco Antonio Matias was charged in connection with a drive-by shooting that occurred on March 18, 2010.  Matias entered into a negotiated plea agreement by which he pleaded no contest to three of the eight charged offenses--felony attempted murder (Pen. Code, §§ 664, 187, subd. (a)),[1] felony assault with a semiautomatic firearm (§ 245, subd. (b)), and misdemeanor street terrorism (§ 186.22, subd. (a))--in exchange for a sentence of 18 years and four months in prison and dismissal of the remaining charges.  Matias also admitted to using a firearm during the commission of the offenses of attempted murder and assault with a semiautomatic firearm.

Immediately prior to sentencing, Matias retained new counsel and sought to continue the sentencing hearing and to withdraw his plea on the ground that his prior attorney failed to inform him as to the terms of the plea agreement.  Following a hearing at which Matias's prior counsel testified, the court denied Matias's motions and

---

[1] Further unspecified statutory references are to the Penal Code.

sentenced him to a term of 18 years and four months. Matias appealed. For the following reasons, we affirm.

## I. FACTUAL BACKGROUND[2]

On the evening of March 18, 2010, Salinas police officers responded to a report of a shooting. At the scene, the officers encountered the victims, victim 1 and victim 2. Victim 1 had gunshot wounds to the chest and both arms. While being transported to the trauma center, victim 1 told officers that he recognized the shooter but could not identify him by name. According to victim 1, a vehicle driven by the shooter and carrying a female passenger had pulled up next to his vehicle, the driver made a hand gesture associated with the Hebbron gang, and then the driver shot him.

Victim 2, who was unharmed, told officers that a vehicle occupied by a man and a woman had pulled up next to the vehicle in which he and victim 1 were driving. The male driver looked at them, yelled, "What?" and "Hebbron," and then shot at their vehicle. Victim 2 said that he recognized the shooter as an employee of a nearby grocery store, but that he did not know the man's name.

Officers identified several bullet holes in the driver side door and the front windshield of the victims' vehicle. They found five shell casings in the roadway where the victims reported the shooting had occurred.

On March 22, 2010, victim 1 and victim 2 came to the police station to inform investigators that they could identify the shooter as Matias, an employee of the "Foods Co grocery store" who lived on "St. Charles Way in Salinas." Victim 1 and victim 2 explained that they knew Matias from Alisal High School. Both victims positively identified Matias as the shooter from a photographic lineup.

Officers obtained and executed a warrant for Matias's arrest. Search of his residence and vehicle, conducted pursuant to a warrant, yielded 11.9 grams of marijuana,

---

[2] The facts are taken from the probation officer's report.

approximately 9.9 grams of powder cocaine, and a CD and iPod containing rap music associated with the Sureno gang.

Matias's girlfriend told officers that she was in the vehicle with Matias during the shooting and that he had discharged a firearm.

## II. PROCEDURAL BACKGROUND

The information charged defendant with two counts of attempted willful, deliberate, and premeditated murder (§§ 664, 187, subd. (a), counts 1 & 2); shooting at an occupied vehicle (§ 246, count 3); two counts of assault with a semiautomatic firearm (§ 245, subd. (b), counts 4 & 5); possession of cocaine (Health & Saf. Code, § 11350, subd. (a), count 6); felony street terrorism (§ 186.22, subd. (a), count 7); and misdemeanor marijuana possession (Health & Saf. Code, § 11357, subd. (b), count 8). Each of the first five counts alleged that Matias personally used a firearm and inflicted great bodily injury in the commission of the alleged offense (§§ 12022.5, subd. (a), 12022.7, subd. (a)), and that the offense was gang-related (§ 186.22, subd. (b)(1)).

Matias's case was scheduled to go to trial on April 29, 2013. On April 24, 2013, the district attorney offered a plea deal of 20 years in state prison, which would have required Matias to plead to a one strike offense. According to Matias, his attorney, Miguel Hernandez, did not inform him whether the deal required him to plead to a strike offense. Matias rejected the deal and Hernandez continued negotiating with the district attorney regarding a possible plea. On April 26, 2013, Matias entered into a negotiated plea agreement that called for a sentence of 18 years and four months. Under the terms of the agreement, the count 1 attempted murder charge was amended to delete the premeditation language and count 7 was amended to allege misdemeanor, not felony, street terrorism. Matias pleaded no contest to the amended count 1 attempted murder charge, the count 4 assault with a semiautomatic firearm charge, and the count 7 misdemeanor street terrorism charge. Matias admitted that he used a firearm during the

commission of the attempted murder and the assault with a semiautomatic firearm. The plea resulted in two strike convictions under the Three Strikes law.

Matias's sentencing hearing was set for June 21, 2013. At that hearing, Matias moved to substitute Eugene Martinez as his attorney of record. In view of the substitution, the court continued the sentencing until June 28, 2013. On June 27, 2013, Matias moved to withdraw his plea pursuant to section 1018 on the ground that he did not enter it intelligently, knowingly, and voluntarily. Specifically, Matias maintained that he had not understood that the plea deal required him to plead to two strike offenses. Matias further moved to withdraw his plea based on ineffective assistance of counsel, arguing that Hernandez never informed him that his plea would result in two strike convictions.

On June 28, 2013, the court heard testimony from attorney Hernandez, who testified that it is his custom and practice to inform clients when they are facing strike charges and to explain the consequences of a strike conviction. With respect to Matias, Hernandez testified that "at one point" he informed Matias that the attempted murder and assault charges were strike offenses, but that he "didn't go into too much detail." Hernandez further stated that he recalled telling Matias during the plea negotiations "that it's now two strikes if he wants to plead to it for less time."

The trial court credited Hernandez's testimony and concluded that he "did have conversations with the defendant about strikes, the consequences of strikes and there was no deficiency or ineffectiveness in his representation of the defendant." The court further concluded that defendant's plea was knowing, intelligent, and voluntary. Accordingly, the court denied the motion to withdraw and the motion to continue sentencing, and proceeded to sentence Matias to the stipulated sentence of 18 years and four months. The court sentenced Matias to the lower term of five years on the count 1 attempted murder, plus 10 years for the firearm enhancement. (§§ 664, subd. (a), 12022.5.) The court imposed a subordinate two-year term for the count 4 assault with a one-year and four-month firearm enhancement. (§§ 1170.1, subd. (a), 245, subd. (b), 12022.5.)

4

Matias did not obtain a certificate of probable cause, but timely appealed. Appointed appellate counsel filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436, stating the case and the facts but raising no issues and requesting that this court review the record for error independently. Matias submitted a letter brief urging that (1) Hernandez misled him into believing that he would not incur any strikes as a result of the plea and (2) the trial court should have granted his motion to extend sentencing.

III. **DISCUSSION**

Matias's brief does not raise any viable issues on appeal.

First, Matias argues that he was not informed that his no contest plea would result in two strike convictions. We understand this argument to be an attack on the validity of the plea on grounds of ineffective assistance of counsel and involuntariness. But a criminal defendant who--like Matias--appeals following a plea of no contest without a certificate of probable cause can challenge only the denial of a motion to suppress evidence or raise grounds arising after the entry of the plea that do not affect its validity. (§ 1237.5; Cal. Rules of Court, rule 8.304(b)(4).) Because Matias did not seek or obtain a certificate of probable cause, his challenges to the validity of his plea are not reviewable. (*People v. Johnson* (2009) 47 Cal.4th 668, 679 [certificate of probable cause required to appeal from denial of motion to withdraw plea]; *In re Chavez* (2003) 30 Cal.4th 643, 651 [same where motion to withdraw is based on alleged ineffective assistance of counsel in advising defendant regarding plea].)

Second, Matias challenges the trial court's denial of his request to continue the sentencing hearing. Matias sought a continuance solely because his newly retained counsel required additional time to investigate and supplement the motion to withdraw Matias's no contest plea. "Thus, in substance, the motion was a challenge to the validity of the plea" such that "a certificate of probable cause was required, and defendant's failure to obtain one is fatal to this appeal." (*People v. Emery* (2006) 140 Cal.App.4th

5

560, 565 [certificate of probable cause required to appeal from denial of motion for continuance requested solely "to allow defense counsel to investigate" potential grounds "to withdraw defendant's no contest plea and admissions"].)

In addition to considering the issues submitted by Matias, pursuant to *Wende* and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the whole record and have concluded there is no arguable issue on appeal.

## IV.   DISPOSITION

The judgment is affirmed.

 

 

 

Premo, Acting P.J.

 

 

WE CONCUR:

 

 

 

Elia, J.

 

 

 

 

Mihara, J.