Filed 7/17/14  P. v. Rios CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H040478 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1243147) |
| v. | |
| ULYSSES ALEXANDER RIOS, | |
| Defendant and Appellant. | |

Defendant Ulysses Alexander Rios pleaded no contest to forcible rape (Pen. Code, § 261, subd. (a)(2)),[1] simple kidnapping (§ 207), and assault with intent to commit rape (§ 220).  Prior to sentencing, Rios sought to withdraw his plea and to replace his appointed counsel.  Following a *Marsden*[2] hearing, the court denied the motion and sentenced Rios to a term of 15 years.

Rios's counsel has filed an opening brief in which no issues are raised and asks this court for an independent review of the record as required by *People v. Wende* (1979) 25 Cal.3d 436.  We notified Rios of his right to submit a written argument on his own behalf.  Rios submitted a letter brief, which we accepted for filing and have considered, despite the fact that it was submitted two months late.

Pursuant to *Wende*, we reviewed the entire record and have concluded that there are no arguable issues on appeal.  As required by *People v. Kelly* (2006) 40 Cal.4th 106,

---

[1] Further unspecified statutory references are to the Penal Code.

[2] *People v. Marsden* (1970) 2 Cal.3d 118.

110, we will provide "a brief description of the facts and procedural history of the case, the crimes of which the defendant was convicted, and the punishment imposed." We will further include information about aspects of the trial court proceedings that might become relevant in future proceedings. (*Id.* at p. 112.)

## I.   FACTUAL BACKGROUND[3]

Late one evening in August 2012, victim 1, a 59-year-old woman, was walking home because she missed the last bus. A man, who she identified at the preliminary hearing as Rios, approached her and offered her a ride home. She accepted. Rios drove victim 1 in the wrong direction and ignored her pleas to pull over and let her out. Eventually, Rios stopped outside a house and told victim 1, "I'm just going to have quick sex with you and then I'll take you home." Victim 1 ran away. Rios followed her in his vehicle until she flagged down another car. Victim 1 acknowledged that Rios never displayed any weapons or touched her during the incident. She did not report the incident to police, believing no crime had been committed.

Two months later, on October 4, 2012, Rios approached victim 1 again while she was waiting at a bus stop. Recognizing Rios, victim 1 walked towards a nearby Burger King. On her way, she saw the vehicle from the August incident parked near the Burger King and took a picture of its license plate with her cell phone. Rios, who had followed her, grabbed her arm and tried to take her phone. Following a brief struggle, victim 1 got away and ran to the Burger King where a customer called the police. The probation report's summary of the police report is consistent with victim 1's testimony at the preliminary hearing.

On October 11, 2012, victim 2, a 20-year-old woman, was waiting at a bus stop when a man she did not know pulled up in his car and started a conversation with her. At

_____

[3] Our recitation of the facts is taken from the transcript of the preliminary hearing and from the probation report.

2

the preliminary hearing, victim 2 identified the man as Rios. Victim 2 got into Rios's vehicle and the two went to a couple of stores together and took shots of vodka in the car. Rios then drove victim 2 to a place she was not familiar with and stopped the car at the side of the road near a lake. The two kissed for a while. Rios touched victim 2's breast and she pushed his hand away and said she wanted to go home. Rios did not take her home, instead persisting in his advances. At some point, victim 2 took a pocket knife out of her purse and threatened Rios with it. Rios took the knife away and drove victim 2 to a second location. By this point, victim 2 was "very intoxicated" and she remembered few details at the preliminary hearing. Eventually, the two ended up in the backseat of the vehicle where victim 2 said Rios raped her. After unsuccessfully trying to push Rios off her, victim 2 told him to "get it over with." Victim 2 then accompanied Rios to his friend's house. After a few hours, he took her home. She told her father what had happened and he called the police. The probation report's summary of the police report is consistent with victim 2's preliminary hearing testimony.

## II.    PROCEDURAL BACKGROUND

The Santa Clara County District Attorney filed an information on July 11, 2013, charging Rios with forcible rape (§ 261, subd. (a)(2), count 1), kidnapping with the intent to commit rape (§ 209, subd. (b)(1), count 2), simple kidnapping (§ 207, subd. (a), count 3), and attempted robbery (§§ 664, 211, 212.5, subd. (c), count 4). On August 14, 2013, the prosecutor amended the information to add a fifth count, assault with intent to commit rape (§ 220). That same day, Rios pleaded no contest to counts 1, 3, and 5--forcible rape, simple kidnapping, and assault with intent to commit rape.

Prior to sentencing, Rios moved to withdraw his plea and for substitution of his appointed counsel, Phong Do, under *Marsden*. In that motion, Rios stated that Mr. Do had "wrongfully encouraged" and "pushed" him into accepting the plea agreement. Rios also pointed to inconsistencies between victim 1's statements to police and her preliminary hearing testimony. In particular, Rios claimed that one police report

3

indicated that victim 1 reported having been raped by Rios, while a second police report, and victim 1's testimony, indicated that he had not assaulted or threatened her.

On November 22, 2013, the trial court held a hearing in closed court on the *Marsden* motion. At the hearing, Rios added that attorney Do had failed to provide him with the full police reports and preliminary hearing transcript, despite his request. Mr. Do responded that, in plea negotiations prior to the preliminary hearing, the district attorney proposed a sentence of at least 30 years. After the preliminary hearing, the district attorney offered 15 years eight months. Mr. Do stated that he had discussed the offer with Rios during two in-person meetings, he had countered the district attorney's offer with a deal for 12 years at Rios's request, and Rios had agreed to a deal for 15 years. Mr. Do noted that Rios was charged with two counts that each carried a potential life sentence. As to the claimed inconsistencies in victim 1's statements, Mr. Do explained that no police report indicated that victim 1 ever claimed Rios raped her. Mr. Do stated that he and Rios "discussed all of the possible areas that we could bring up inconsistencies" to attack the People's case. He further indicated that, "because of how some of the evidence came out at the preliminary hearing, the offer from the district attorney dropped dramatically" from over 30 years to 15 years. Finally, Mr. Do stated that a note in his file indicated that a prior attorney had sent a redacted police report to Rios. The court denied the *Marsden* motion.

Also on November 22, 2013, the court sentenced Rios to 15 years as provided for in the plea agreement. Specifically, the court imposed a six-year mid-term sentence for forcible rape, a consecutive mid-term sentence of five years for kidnapping, and a consecutive mid-term sentence of four years for assault with intent to commit rape.

Rios timely appealed. It is not clear from the record whether he requested or obtained a certificate of probable cause. Rios submitted a letter brief urging that he received ineffective assistance of counsel and that his right to review the evidence against him was violated because his trial counsel failed to inform him about unspecified

inconsistencies in the victims' statements. He also maintained the trial court erred in denying his *Marsden* motion.

## III. DISCUSSION

Rios's brief does not raise any viable issues on appeal.

We understand Rios's brief to be an attack on the validity of his plea on grounds of ineffective assistance of counsel. As an initial matter, it is not clear from the record whether Rios obtained a certificate of probable cause. If he did not, his challenge to the validity of his plea is not reviewable. (*People v. Johnson* (2009) 47 Cal.4th 668, 679 [certificate of probable cause required to appeal from denial of motion to withdraw plea]; *In re Chavez* (2003) 30 Cal.4th 643, 651 [same where motion to withdraw is based on alleged ineffective assistance of counsel in advising defendant regarding plea].) Even assuming we can reach the argument, it fails. Rios's claim of ineffective assistance of counsel rests on the theory that significant discrepancies in the victims' statements undermined the People's case against him, such that Mr. Do provided deficient representation by encouraging Rios to accept a plea deal rather than go to trial. As noted, we perceive no significant discrepancies between the preliminary hearing testimony and the probation department's summaries of the police reports. The police reports themselves are not in the record. Thus, on the current record, Rios has failed to carry his burden to demonstrate that counsel's performance was deficient. To the extent Rios's claim of ineffective assistance of counsel is based on matters outside the record (i.e., the full police reports), it is more appropriately raised by writ of habeas corpus. (*People v. Salcido* (2008) 44 Cal.4th 93, 172.)

Rios also argues that the court erred by denying his *Marsden* motion. "We review a trial court's decision declining to relieve appointed counsel under the deferential abuse of discretion standard." (*People v. Jones* (2003) 29 Cal.4th 1229, 1245.) No abuse of discretion has been shown here. Mr. Do represented to the trial court that he and Rios discussed mounting a defense based in part on inconsistencies in the victims' statements

5

and with the evidence. " '[T]he court was "entitled to accept counsel's explanation" ' " over Rios's contention to the contrary. (*Ibid.*)

In addition to considering the issues submitted by Rios, pursuant to *Wende* and *Kelly*, we have reviewed the whole record and have concluded there is no arguable issue on appeal.

## IV.    DISPOSITION

The judgment is affirmed.

_____

Premo, Acting P.J.

WE CONCUR:

_____

Elia, J.

_____

Mihara, J.