Filed 8/11/14  P. v Santema CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | F067437 |
| v. | (Super. Ct. No. F13902921) |
| GARY PHILLIP SANTEMA, | **OPINION** |
| Defendant and Appellant. | |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Jonathan M. Skiles, Judge.

Deborah Prucha, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Cornell, Acting P.J., Detjen, J., and Franson, J.

After the court indicated its intended sentence was two years in state prison, appellant, Gary Phillip Santema, pleaded no contest to a single count of bringing a controlled substance into a jail (Pen. Code, § 4573)[1] and admitted allegations that he had suffered a "strike"[2] and that he had served three separate prison terms for prior convictions (§ 667.5, subd. (b)). The court struck the prior prison term enhancements and, over the People's objection, appellant's strike, and imposed the two-year lower term.

Appellant filed a timely notice of appeal in which he requested the court issue a certificate of probable cause (§ 1237.5). The court denied that request.

Because there was no preliminary hearing, the probation officer did not prepare a presentence report, and appellant stipulated, without discussion, to the existence of a factual basis for his plea, the record contains no account of the facts of the instant offense.

Appellant's appointed appellate counsel has filed an opening brief, which summarizes the pertinent facts, with citations to the record, raises no issues, and asks that this court independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) Appellant, apparently in response to this court's invitation to submit additional briefing, has submitted a letter in which he asserts, as best we can determine, that the evidence against him consisted entirely of a plastic bag that contained no drugs and was not subjected to chemical testing to detect the presence of drugs, and therefore the evidence was insufficient to support his conviction. However, by virtue of appellant's plea of no contest, this claim is not cognizable on appeal. (Cf. *People v. Jones* (1995) 10 Cal.4th

---

[1]    All statutory references are to the Penal Code.

[2]    We use the term "strike," in its noun form, as a synonym for "prior felony conviction" within the meaning of the "three strikes" law (§§ 667, subds. (b)-(i), 1170.12), i.e., a prior felony conviction or juvenile adjudication that subjects a defendant to the increased punishment specified in the three strikes law.

1102, 1109, disapproved on another point in *In re Chavez* (2003) 30 Cal.4th 643, 656 [consideration of all issues regarding guilt and innocence is foreclosed by the guilty plea].)

Following independent review of the record, we have concluded that no reasonably arguable legal or factual issues exist.

## DISPOSITION

The judgment is affirmed.