Filed 5/24/16  P. v. Peters CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B264118 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA070791) |
| v. | |
| ALBERT OLUJINMI PETERS, JR. | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael V. Jesic, Judge.  Affirmed.

Adrian K. Panton, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Mary Sanchez, Michael R. Johnsen and Viet Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

Defendant Albert Olujinmi Peters, Jr. filed a petition for resentencing under Proposition 47, the Safe Neighborhood and Schools Act. The trial court denied the petition because defendant failed to present sufficient evidence to show that he qualified for resentencing. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In May 2012, the District Attorney of the County of Los Angeles filed an information charging defendant with grand theft auto, a felony (Pen. Code, § 487, subd. (d)(1),[1] count 1), and carjacking, a felony (§ 215, subd. (a), count 2). The information alleged that on April 23, 2012, defendant took a Toyota Camry from the victim. The information also alleged that defendant had a prior carjacking conviction from 2002, and that he had served a prior prison term.

In June 2013, defendant pleaded no contest to count 1, and count 2 was dismissed. He was sentenced to six years in prison.

On November 4, 2014, the voters enacted Proposition 47, the Safe Neighborhoods and Schools Act, which went into effect the next day. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*Id*. at p. 1091.) "Proposition 47 also created a new resentencing provision: section 1170.18. Under section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47. (§ 1170.18, subd. (a).)" (*Id*. at p. 1092.)

---

[1]All further statutory references are to the Penal Code unless otherwise indicated.

If a defendant meets the criteria in section 1170.18, subdivision (a), "the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor pursuant to Section[ ] 490.2 . . . of the Penal Code. . . ." (§ 1170.18, subd. (b).)  Section 490.2 states in part, "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor." (§ 490.2, subd. (a).)

On December 11, 2014, Defendant filed a petition seeking resentencing under Proposition 47.  He noted on the form petition that his conviction was for a violation of section 487.  Specifically, defendant's conviction was for a violation of section 487, subdivision (d)(1) (section 487(d)(1)).

Prior to Proposition 47, section 487(d)(1) provided that a felony grand theft occurred when the property taken was an automobile, regardless of the actual value of the car.  After the approval of Proposition 47, the language of section 487(d)(1) is the same, but as a "grand theft" crime, its definition is subject to the modification in section 490.2, subdivision (a).  If the value of the automobile taken does not exceed $950, therefore, the defendant may be eligible for resentencing if the other requirements of section 1170.18 are met.

The record on appeal includes the transcript from a hearing on March 13, 2015, relating to defendant's petition for resentencing.  In that transcript, the defense attorney referenced an earlier hearing in which the court held that defendant made a prima facie showing that he was eligible for resentencing based on his record.  The record of that hearing is not included on appeal.  The court agreed counsel's representation of what occurred at the prior hearing was correct, and said that the purpose of the current hearing was to "determine what the value was of the vehicle in question, whether it was below $950 or above [$]950."

The attorney said, "[W]e recognize[d] at the last court date that the record of conviction is silent on the value" of the vehicle.  The attorney noted that there was no

3

clear authority on what evidence the court should consider in determining the value of property under section 490.2, but that at the last hearing "this court decided that [it would] consider evidence that was outside the record of conviction." The court agreed that this was correct.

Defense counsel then said he had researched Kelley Blue Book online, and "came up with a range that I thought included values under 950." The prosecutor also researched the issue, and the lowest trade-in value she found for a 2000 Toyota Camry with 133,000 miles[2] was $1,064. The value for the sale by a private party or a dealer was higher, up to $4,405. The court noted, "[T]he problem we're having is that you can go [to] Kelley Blue Book online and find out what the value of any car is today. You can't go back to 2012, which is when this occurred." None of the information presented to the court about the value of the car is included in the record on appeal.

Defense counsel told the court that defendant "has provided me with more information about the car that may or may not be true that I would want the court to consider." The attorney said that "the car that was the subject of the crime here was a pizza delivery car." He argued that the car owner was a "28-year-old pizza delivery guy with a violent criminal record," which "may or may not . . . have an impact on how he drove the car," and therefore affect the value of the car. Defense counsel suggested that further investigation and perhaps expert testimony would be needed "to see if we can confirm that these facts are true; that this was a pizza delivery car, and have an expert say whether or not that would affect the value, whether or not it's possible that this car was in poor condition."

The court did not agree that expert testimony was warranted. The judge pointed out that the car was not necessarily available for an expert to inspect, and that it had been years since the crime was committed so the car would not be in the same condition. Defense counsel suggested, "We could contact the victim and ask him if he sold the car

---

[2]There is no indication in the record about the source of this information regarding the car, but all parties seemed to agree that this was generally correct. Defense counsel later suggested that the car may have had 150,000 miles on it.

4

and what he sold it for. . . . That would answer the question. And it would only take a little bit of time to locate him and ask him the question." The court rejected this suggestion, because a sale price might not reflect the actual value. The court said that, for example, if the victim "sold his car for $500 because he was desperate to get drugs [it] doesn't mean that's the value of the car."

The court concluded, "I can't, in good conscience, say that appointing – especially at court expense – an expert to give evidence that I don't believe would be competent is the wise thing to do in this situation." The court also denied defense counsel's request to attempt to contact the victim and get more information about the car because it was not likely to lead to "competent evidence of what the value was of the car at the time that it was stolen." The court denied defendant's petition for resentencing.

Defendant timely appealed.

## DISCUSSION

Defendant presents a single argument on appeal, stated as follows: "The trial court abused its discretion and denied appellant his right to due process by refusing his request for expert testimony on the value of the vehicle" at issue. Defendant argues that this was an "evidentiary ruling" that we should review under an abuse of discretion standard.

A defendant seeking resentencing under Proposition 47 has the initial burden to establish the facts upon which eligibility is based. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 880.) Recognizing this, defendant argues that "the trial court's ruling in this case prohibiting expert testimony" created an "unnecessary restriction on appellant's ability to meet his burden of proving the value of the vehicle."

Defendant's argument is not supported by the record. The trial court made an initial determination that defendant was eligible for resentencing because he did not have disqualifying priors and his conviction under section 487(d)(1) potentially qualifies for resentencing. The court and counsel discussed the fact that the record of conviction did not reveal the value of the vehicle, and therefore did not indicate whether defendant's grand theft conviction could be modified pursuant to section 490.2. The court therefore set a hearing specifically to allow the parties to present evidence about the car's value,

5

providing the parties an opportunity to gather relevant evidence. There is no suggestion in the record that the court restricted either party as to what evidence could be presented.

Both sides gathered multiple figures from Kelley Blue Book online, and presented it to the court. At the hearing, the trial court thoughtfully and carefully considered all information the parties presented, and did not exclude or refuse to consider any of the evidence. The court noted that nearly all of the Kelley Blue Book information showed that the value of the car exceeded $950, even taking into account a variety of factors and considering the lowest possible trade-in value.

Given this series of events, there was no evidentiary ruling denying a proffer of evidence that can be considered on appellate review. Defense counsel suggested additional ideas about what evidence could affect the value of the car, speculating that information from the victim of the crime might be helpful, or that an expert witness might be able to opine that the car was worth less depending on how it was used. However, counsel's suggestions about the possible import of hypothetical evidence are not evidence. In addition, the "exclusion of evidence that produces only speculative inferences is not an abuse of discretion." (*People v. Babbitt* (1988) 45 Cal.3d 660, 684.) Moreover, the trial court did nothing to bar defendant from gathering such evidence before the hearing, which was specifically planned and scheduled to allow the parties to present evidence relating to the value of the car. We cannot conclude that defendant's failure to present additional evidence at the hearing was a result of trial court error.

Respondent argues that defendant "wanted an indeterminate continuance so that he could explore the possibility whether additional evidence regarding the value of the car was obtainable." Defendant responds that he never requested a continuance. Defendant's argument that he should have been provided an opportunity to gather additional evidence, however, necessarily implies the court should have provided him more time before denying the petition for resentencing. It is not an abuse of discretion to deny a continuance "so defendant could attempt to bring in . . . witnesses who, judging from defendant's offers of proof, would not have provided remotely convincing evidence." (*People v. Riggs* (2008) 44 Cal.4th 248, 297; see also *People v. Jenkins*

(2000) 22 Cal.4th 900, 1038 [it is not an abuse of discretion to deny a continuance to allow for an "open-ended investigation" when the defendant has not "demonstrated that a continuance would be useful in producing specific relevant mitigating evidence within a reasonable time"].)

Defendant cites a single civil case in support of his argument: *Naples Restaurant, Inc. v. Coberly Ford* (1968) 259 Cal.App.2d 881 (*Naples*). In that case, the plaintiff bought an ostensibly new Ford Thunderbird from the defendant car dealer. The plaintiff later discovered that the car had in fact been stolen from the dealer's lot, driven 400 miles, stripped of certain parts, and discovered in an empty lot. Defendant then fixed up the car and sold it to plaintiff as if it were new. Plaintiff sued, alleging that the value of the car sold to him was not equivalent to the value of a new car. The trial court excluded plaintiff's expert witness, an experienced car salesman, who was prepared to testify about the value of the car. The trial court ruled that because the salesman did not sell Thunderbirds, he was not qualified to opine about the value of Thunderbirds. The Court of Appeal held that the trial court's restriction on the salesman's relevant area of knowledge was too narrow: "An active, experienced automobile salesman, when divorced from any pecuniary interest of his own, may be a reliable source of information on market price, not only of the automobiles he sells, but also of those with which his line directly competes." (*Id*., at p. 885.) The appellate court held that the exclusion of evidence was prejudicial and required reversal, because the "ruling left plaintiff without any evidence on the question of value except the opinions of its owners." (*Ibid*.)

Defendant argues, "The circumstances warranting a reversal in *Naples* compel the same result here. At the core of the trial court's ruling in this case prohibiting expert testimony was an unnecessary restriction on appellant's ability to meet his burden of proving the value of the vehicle." As discussed above, however, defendant did not proffer any evidence that the court rejected, as in *Naples*. Instead, defense counsel suggested that additional evidence might exist or could be created—that the car may have been used as a pizza delivery vehicle, and if so, an expert might opine that such a use would diminish the value of the car. The finding of prejudice in *Naples* is not analogous.

7

To demonstrate reversible error relating to an evidentiary ruling, defendant must establish a reasonable probability that he would have received a more favorable result absent the error. (*People v. Watson* (1956) 46 Cal.2d 818, 836; *People v. Merriman* (2014) 60 Cal.4th 1, 69.) Defense counsel's speculation as to what additional evidence might demonstrate, if such evidence existed, does not meet this burden.

Defendant also argues that the court violated his due process rights under the state and federal constitutions because "the evidentiary ruling is equivalent to denying to appellant the opportunity to be heard, the essential component to a fair hearing." Defendant cites *Crane v. Kentucky* (1986) 476 U.S. 683, 690: "[T]he Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense.' [Citations.] We break no new ground in observing that an essential component of procedural fairness is an opportunity to be heard." Here, defendant had no right to present a "defense." He already had pleaded no contest, and a no contest plea admits every element of the charged offense. (*In re Chavez* (2003) 30 Cal.4th 643, 649.) In addition, the rights to due process that apply to the initial prosecution for a crime do not necessarily apply to Proposition 47 resentencing. (*People v. Sherow, supra,* 239 Cal.App.4th at p. 879.) Moreover, the record shows that the court provided defendant with multiple hearings, and defendant had ample opportunity to be heard. Defendant was not denied due process.

The court allowed defendant to present evidence outside the record of conviction, it provided defendant with the opportunity to gather that evidence, and it thoughtfully considered all evidence defendant presented. Defendant has not shown that the trial court erred by denying his petition for resentencing.

**DISPOSITION**

The order denying defendant's petition for resentencing is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

COLLINS, J.

We concur:

EPSTEIN, P. J.

MANELLA, J.

9