Filed 3/16/22  P. v. Macias CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G060459 |
| v. | (Super. Ct. No. 21CF0329) |
| HECTOR MAC MACIAS, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Carlton P. Biggs, Judge.  Dismissed.

Robert L. Hernandez, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*    \*    \*

Hector Macias appeals after conviction on his negotiated plea of guilty. Macias was charged by felony complaint with five counts: (1) possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1)); (2) possession of ammunition by a prohibited person (Pen. Code, § 30305, subd. (a)(1)); (3) possession of a controlled substance (Health & Saf. Code, §11377, subd. (a)); (4) possession of controlled substance paraphernalia (Health & Saf., § 11364, subd. (a)); and (5) driving on a suspended license (Veh. Code, § 14601.1, subd. (a)). The complaint also alleged that Macias previously had been convicted in Los Angeles County of a felony, a violation of Penal Code section 245, subdivision (a)(4).

Macias entered a negotiated plea to counts one, two, and five and admitted the prior conviction. The court sentenced Macias to formal probation for a period of two years and ordered appellant to serve 365 days in county jail with credit for 230 days (115 actual days and 115 days for conduct). Macias filed a notice of appeal and request for certificate of probable cause (Pen. Code. § 1237.5.) The trial court denied the request for certificate of probable cause.

We appointed counsel to represent appellant on appeal. Counsel filed a brief under the procedures outlined in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Smith v. Robbins* (2000) 528 U.S. 259 (*Smith*). We have examined the record and found no arguable issue. On December 6, 2021, appellant was given 30 days to file written argument in his own behalf. That period has passed, and we have received no communication from appellant.

In his request for a certificate of probable cause, Macias asserted that his counsel had failed to advise him that his plea could result in a finding of violation of probation on his prior conviction. The record demonstrates that Macias was advised by the plea form and his counsel that this could be a consequence of his plea. As a potential ground for appeal, this claim does not survive his guilty plea and the failure to obtain a

2

certificate of probable cause. (See *In re Chavez* (2003) 30 Cal.4th 643, 650-651; *People v. Mendez* (1999) 19 Cal.4th 1084, 1096-1098.)

We have examined the entire record and are satisfied that Macias's counsel has complied fully with counsel's responsibilities. (*Smith, supra,* 528 U.S. at pp. 277-284; *People v. Wende, supra,* 25 Cal.3d at p. 443.) However, because Macias pled guilty and failed to obtain a certificate of probable cause, the notice of appeal is not operative and the appeal must be dismissed.

The appeal is dismissed.


ZELON, J.*

WE CONCUR:


BEDSWORTH, ACTING P. J.


GOETHALS, J.

*Retired Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.