Filed 4/27/22  P. v. Osby CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. DAVID OSBY, Defendant and Appellant. | B314763 (Los Angeles County Super. Ct. No. BA438205) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Laura F. Priver, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

The jury found defendant and appellant David Osby guilty of robbery (Pen. Code, § 211 [count 1])[1] and resisting an officer (§ 69 [count 2]). The jury found true the allegations that Osby used a deadly weapon, a knife, in the commission of count 1 (§ 12022, subd. (b)(1)), and that he suffered three prior serious felony convictions within the meaning of the three strikes law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)) and section 667, subdivision (a). The trial court sentenced Osby to a total of 25 years to life in prison, plus a determinate term of 17 years.

On appeal, we reversed the convictions (the panel majority held the trial court abused its discretion by retaining a juror whose incompetence to serve appeared as a demonstrable reality in the record, and the concurring justice opined reversal was necessary because of error in the trial court's ruling permitting Osby to represent himself). (*People v. Osby* (Apr. 22, 2021, B299496) [nonpub. opn.].)

On remand, Osby accepted a plea offer made by the People; he pleaded no contest to the robbery in count 1 and admitted a prior strike conviction. Consistent with the plea offer made and accepted, the trial court sentenced him to a total of four years in prison. Osby was awarded credit for time served and released from custody to parole.

Osby timely appealed. We appointed counsel. After reviewing the record, counsel filed an opening brief asking this court to review the record independently pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441 (*Wende*). On March 3, 2022, we advised Osby through trial counsel that he had 30 days to submit

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

any contentions or issues he wished us to consider. No response has been received to date.[2]

"In the case of a judgment of conviction following a plea of guilty or no contest, section 1237.5 authorizes an appeal only as to a particular category of issues and requires that additional procedural steps be taken. That statute provides: 'No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere, or a revocation of probation following an admission of violation, except where both of the following are met: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court.'" (*In re Chavez* (2003) 30 Cal.4th 643, 650.) "[I]t is settled that two types of issues may be raised in a guilty or nolo contendere plea appeal without issuance of a certificate: (1) search and seizure issues for which an appeal is provided under section 1538.5, subdivision (m); and (2) issues regarding proceedings held subsequent to the plea for the purpose of determining the degree of the crime and the penalty to be imposed." (*People v. Panizzon* (1996) 13 Cal.4th 68, 74

---

[2] On March 3, 2022, appellate counsel filed an affidavit with this court stating that he had been unable to locate Osby. Counsel spoke with trial counsel, but trial counsel had no information regarding Osby's whereabouts. Appellate counsel also spoke to the parole department, which informed him that Osby was no longer on parole. Appellate counsel contacted several jails, but Osby was not in custody in any of the jails counsel contacted.

(*Panizzon*); see also *People v. Mendez* (1999) 19 Cal.4th 1084, 1096.)   " '[S]ection 1237.5 does not allow the reviewing court to hear the merits of issues going to the validity of the plea unless the defendant has obtained a certificate of probable cause, or has sought and obtained relief from default in the reviewing court.' [Citation.]" (*Panizzon*, *supra*, at p. 75.)

We have examined the entire record.  We are satisfied no arguable issues exist and that Osby's counsel has fully satisfied his responsibilities under *Wende*.  (*Smith v. Robbins* (2000) 528 U.S. 259, 279–284; *Wende*, *supra*, 25 Cal.3d at p. 441.)

## DISPOSITION

The trial court's judgment is affirmed.

MOOR, J.

We concur:

RUBIN, P. J.

BAKER, J.

4