Filed 12/26/13  P. v. Carter CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C073582 |
| Plaintiff and Respondent, | (Super. Ct. No. NCR82744) |
| v. | |
| TESS MEGAN CARTER, | |
| Defendant and Appellant. | |

Defendant Tess Megan Carter appeals from the judgment following her plea of no contest to one count of transporting marijuana.  (Health & Saf. Code,[1] § 11360.)  She contends that the case must be remanded to permit her to withdraw her plea, because it was induced by the improper promise that she could obtain review on appeal of the trial court's grant of the prosecution's motion to exclude evidence at trial related to her

---

[1]     Undesignated statutory references are to the Health and Safety Code.

1

defense based on the Compassionate Use Act.  (§ 11362.5 et seq.)  The People concede that the case must be remanded, and we agree.

BACKGROUND

After four pounds of marijuana were found in the trunk of her car during a traffic stop, defendant was charged with transporting marijuana and possessing marijuana for sale.

In anticipation of defendant's possible argument at trial that she is a member of a collective or cooperative entitled to the protection of the statutes related to the regulation of medical marijuana, the People moved successfully in limine to exclude all references to the Compassionate Use Act or medical marijuana at trial.  Defendant's subsequent in limine motion to determine whether her trial testimony would be sufficient to allow her to present evidence as to the availability of an affirmative defense pursuant to the Compassionate Use Act and the Medical Marijuana Program Act (§ 11362.7 et seq.) was characterized by the court as a motion for reconsideration of its previous ruling granting the prosecution's in limine motion and denied.

Promptly thereafter, at the same proceeding, defendant entered into a negotiated disposition of the case at which the trial court stated the following:  "To the extent a certificate of probable cause is required, one should be granted in that this plea is being made solely based upon the legal rulings that I have made previously in the case.  You both agree with that?

"[Prosecutor]:  Yes.

"[Defense Counsel]:  Yes, your Honor.

"The Court:  [Defendant] is entering the plea based upon the fact that my rulings pretty much took away the medical marijuana defense, which is going to be contested on appeal.  But as to the *West* plea [*People v. West* (1970) 3 Cal.3d 595], you need this to point to in the transcript:  The Probation Department should not expect her to state that she knows she is guilty and sorry.  Her reason for this plea is that she believes she had a

2

medical marijuana defense and was not breaking the law. But, in fact, as it turns out, I did not allow her a medical marijuana [defense]. And, that is the defense and that is the reason for the *West* plea."

Subsequently, the trial court took defendant's plea and sentenced her to probation in accordance with that plea. Prior to filing this appeal, defendant obtained a certificate of probable cause in accordance with Penal Code section 1237.5.

DISCUSSION

It is well settled that only limited issues are cognizable on appeal following a guilty plea. "A guilty plea admits every element of the charged offense and constitutes a conviction [citations], and consequently issues that concern the determination of guilt or innocence are not cognizable. [Citations.] Instead, appellate review is limited to issues that concern the 'jurisdiction of the court or the legality of the proceedings, including the constitutional validity of the plea.' [Citations.]" (*In re Chavez* (2003) 30 Cal.4th 643, 649, fn. omitted.)

Indeed, Penal Code section 1237.5, which governs the right to appeal following a plea of guilty or no contest, provides that a defendant may not seek an appeal from a guilty plea unless: "(a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings," and "(b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court." (*Ibid*.)

A pretrial ruling regarding the applicability of defenses at trial is an issue that goes to guilt or innocence, and therefore is not reviewable on appeal. (*People v. Shults* (1984) 151 Cal.App.3d 714, 718-720.) The issuance of a certificate of probable cause does not operate to expand the scope of review to include a noncognizable issue. (*People v. Hoffard* (1995) 10 Cal.4th 1170, 1178*; People v. Kaanehe* (1977) 19 Cal.3d 1, 9.) Thus, the issue of whether the trial court erred by granting the People's motion to exclude

3

evidence relating to defendant's potential medical marijuana defense may not be reviewed on appeal.

Both parties concede that the issue sought to be preserved in the trial court was waived by the entry of the plea. The question then becomes whether defendant's plea was premised upon her right to appeal the trial court's decision. "Where a guilty plea . . . has been improperly induced by unenforceable promises that issues have been preserved for appeal the defendant . . . is entitled to an opportunity to withdraw the plea." (*Ricki J. v. Superior Court* (2005) 128 Cal.App.4th 783, 792.) From a plain reading of the transcript of the hearing on the change of plea, we agree with the parties that defendant's plea was, in fact, induced by the promise that she would be able to appeal the ruling. Consequently, she is now entitled to withdraw her plea if she so chooses. (*People v. DeVaughn* (1977) 18 Cal.3d 889, 896; *People v. Hollins* (1993) 15 Cal.App.4th 567, 574.)

In view of our conclusion, we do not reach defendant's argument in the alternative that she received ineffective assistance of counsel.

DISPOSITION

The case is remanded to the trial court with instructions to allow defendant an opportunity to withdraw her plea. If defendant fails to withdraw the plea within 90 days of issuance of the remittitur, the judgment is affirmed.


                                                    ROBIE            , Acting P. J.

We concur:


      BUTZ            , J.


      MAURO          , J.

4