Filed 8/31/23  P. v. McPeters CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B321140 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA063427) |
| v. | |
| TIMOTHY ORYAN McPETERS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, William L. Sadler, Judge.  Affirmed.

Benjamin Owens, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill and Heidi Salerno, Deputy Attorneys General, for Plaintiff and Respondent.

————————————————

In 2015, appellant Timothy Oryan McPeters pled no contest to one count of second degree murder. In 2022, he filed a petition for resentencing under Penal Code section 1172.6, in which he requested the appointment of counsel.[1] He appeals the superior court's summary denial of that petition without the appointment of counsel. The parties agree the court erred in not appointing counsel but disagree on whether the error was harmless. We conclude it was and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. *McPeters Pleads No Contest to Murder*

In November 2007, the superior court held a preliminary hearing to determine whether there was probable cause to find that McPeters had murdered Aneesah Akbar and had sexual contact with her corpse.[2] At that hearing, a sergeant from the Los Angeles County Sheriff's Department testified that he had previously interrogated McPeters regarding the victim's death. In this interrogation, McPeters admitted that, after Akbar had insulted, slapped, and shoved him, he "ended up choking [her]" until "her body went limp" and she died. McPeters then

---

[1] Undesignated statutory references are to the Penal Code. Effective June 30, 2022, section 1170.95 was renumbered as 1172.6 without substantive change. (*People v. Strong* (2022) 13 Cal.5th 698, 708, fn. 2.) For clarity, we use the current statutory numbering.

[2] We grant the People's unopposed request to take judicial notice of volume one of the clerk's transcript from *People v. McPeters* (Feb. 28, 2013, B238758) [nonpub. opn.], which contains the preliminary hearing transcript.

proceeded to have intercourse with the corpse. At no time during the interrogation did McPeters claim anyone else had been present when the crimes were committed. The court found sufficient evidence that McPeters "was the one who committed these offenses," and held him to answer. He was subsequently charged by information with one count of murder and one count of sexual contact with human remains.

McPeters was found guilty of both counts and sentenced to 17 years to life. (*People v. McPeters*, *supra*, B238758, at p. 7.) In 2013, we affirmed the conviction for sexual contact with human remains but reversed the conviction for murder. (*Id.* at p. 21.)

In 2015, McPeters, representing himself, pled no contest to second degree murder. In accepting McPeters's plea, the court asked the parties to agree that "there was and is a preliminary hearing that was conducted in this matter and that the facts and circumstances of that preliminary hearing do outline some of the facts and circumstances of this case to provide a factual basis" for McPeters's plea. Both McPeters and the prosecutor agreed. The court sentenced McPeters to 15 years to life.

### B. *The Court Summarily Denies McPeters's Section 1172.6 Petition*

In February 2022, McPeters filed a petition to vacate his conviction under section 1172.6. McPeters alleged that: (1) he was eligible for relief under section 1172.6; (2) in 2015 he pled guilty to second degree murder; (3) that he could not now be convicted of second degree murder under the amended versions of sections 188 and 189; and (4) with the "abrogation of the 'natural and probable consequences doctrine['] and other theories of murder under which malice is imputed to a defendant based solely on that person's participation in a crime, it was not now

possible to convict him of second degree murder based on the known facts of this case." In an unsigned declaration accompanying his petition, McPeters averred that "[t]he prosecution on my case asserted the theory of natural and probable consequences of an assault to charge me with second degree murder." McPeters requested the appointment of counsel.

In April 2022, the superior court summarily denied McPeters's petition without appointing counsel, finding that, "based on the record of conviction," McPeters "was not prosecuted nor was he convicted under a theory of criminal liability for which [section 1172.6] would grant relief." The court found that the "record of conviction does not support a prosecution under a felony murder or a 'natural and probable consequences' theory" and noted that when McPeters entered his plea, he "stipulated to a factual basis based on the previous trial transcript." The court then set forth the "facts of this case," quoting from our opinion in *People v. McPeters*, *supra*, B238758. The court concluded that it was "clear from the record of conviction that the defendant ple[]d guilty based on an express malice theory of the case. There was no other theory of the case except that the defendant was t[he] sole killer. There is no factual basis for relief under [section 1172.6]. Further, the defendant ple[]d no contest having been through trial once and knowing the factual basis of the case and his subsequent plea after reversal."

McPeters timely appealed.

## DISCUSSION

### A. *Governing Law*

Under section 1172.6, subdivision (a), "A person convicted of felony murder or murder under the natural and probable

4

consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder. [¶] (3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019."

Senate Bill No. 1437 added the following provision to section 188: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) The bill "eliminates natural and probable consequences liability for first and second degree murder." (*People v. Gentile* (2020) 10 Cal.5th 830, 849.) It also limits the application of felony murder to situations where "(1) The person was the actual killer. [¶] (2) The person was not the actual killer,

but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶ or] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (§ 189, subd. (e).)

When a defendant files a facially sufficient petition under section 1172.6, the trial court must appoint counsel to represent the petitioner, allow briefing from both sides, and hold a hearing to determine whether the petitioner has made a prima facie showing for relief. (§ 1172.6, subds. (b)–(c).) When a superior court errs in declining to appoint counsel for a defendant in connection with a section 1172.6 petition, we review for harmless error under *People v. Watson* (1956) 46 Cal.2d 818. (*People v. Lewis* (2021) 11 Cal.5th 952, 974.)

### B.     *The Superior Court's Error Was Harmless*

The parties agree the superior court erred in failing to appoint counsel after McPeters filed his petition. They disagree whether the error was harmless. We conclude that it was.

A defendant " 'whose petition is denied before an order to show cause issues has the burden of showing "it is reasonably probable that if [he or she] had been afforded assistance of counsel his [or her] petition would not have been summarily denied without an evidentiary hearing." ' " (*People v. Lewis*, *supra*, 11 Cal.5th at p. 974.) When the record of conviction establishes the defendant's ineligibility for relief as a matter of law, "there is no reasonable probability [the defendant] would have obtained a more favorable result if counsel had been appointed," and the error is harmless. (*People v. Mancilla* (2021)

6

67 Cal.App.5th 854, 864.) Here, the record of conviction demonstrates McPeters's ineligibility for relief as a matter of law.

McPeters pled no contest to second degree murder. " 'A guilty plea [or plea of nolo contendere] admits every element of the charged offense.' " (*People v. Rivera* (2021) 62 Cal.App.5th 217, 234 (*Rivera*), quoting *In re Chavez* (2003) 30 Cal.4th 643, 649.) "Second degree murder is the unlawful killing of a human being with malice aforethought but without the additional elements, such as willfulness, premeditation, and deliberation, that would support a conviction of first degree murder." (*People v. Knoller* (2007) 41 Cal.4th 139, 151.) Therefore, by pleading no contest to second degree murder, McPeters admitted to the unlawful killing of a human being with malice aforethought.

Citing *Rivera*, McPeters argues that even though he pled no contest to an unlawful killing with malice aforethought, this does not establish his ineligibility as a matter of law "[b]ecause this language did not in any way limit the prosecution's theories." *Rivera* is inapposite. There, the evidence suggested that the appellant "was present when . . . a fellow gang member . . . shot [the victim]" and that the appellant "drove [the fellow gang member] to and from the scene." (*Rivera*, *supra*, 62 Cal.App.5th at p. 224.) The appellate court held that the appellant's no contest plea to second degree murder did not render him ineligible for relief as a matter of law because "[t]he generic manner in which murder was charged here did not limit the People to prosecuting [the appellant] on any particular theories." (*Id.* at p. 233.) In other words, although the appellant had pled no contest to murder with malice aforethought, at the time the appellant entered his plea, "malice could be imputed to a defendant under the felony-murder rule or the natural and

probable consequences doctrine, meaning that the person did not need to harbor express or implied malice to be convicted of second degree murder." (*Id.* at p. 234.) Thus, it was possible that, in pleading no contest to second degree murder, the appellant was admitting only that the prosecution could prove his accomplice's malice should be imputed to the appellant. Such an admission would not preclude the appellant from relief under section 1172.6. McPeters argues that we should treat his no contest plea in the same manner. We disagree.

While it is true that McPeters's no contest plea to second degree murder would not categorically bar him from relief under section 1172.6, he is situated differently from the appellant in *Rivera* because, unlike that appellant, there was no accomplice whose malice could have been imputed to McPeters. When McPeters pled no contest to second degree murder, he agreed "that the facts and circumstances of th[e] preliminary hearing do outline some of the facts and circumstances of this case to provide a factual basis" for his plea. At the preliminary hearing, law enforcement testified that McPeters had confessed to personally choking the victim to death after she insulted him. There was no evidence or theory that anyone else was responsible for her death. Therefore, pursuant to the facts of the case as presented at the preliminary hearing, McPeters could not have been tried under the felony murder doctrine because he did not kill the victim while engaging in an inherently dangerous felony.[3] Nor

---

[3] " ' "Under the felony-murder doctrine, when the defendant or an accomplice kills someone during the commission, or attempted commission, of an inherently dangerous felony, the defendant is liable for either first or second degree murder, depending on the felony committed." ' " (*People v. Powell* (2018) 5 *(Fn. is continued on the next page.)*

8

could he have been tried under the natural and probable consequences doctrine because he was not an aider and abettor. (See *People v. McCoy* (2001) 25 Cal.4th 1111, 1117 ["[U]nder the natural and probable consequences doctrine, an aider and abettor is guilty not only of the intended crime, but also 'for any other offense that was a "natural and probable consequence" of the crime aided and abetted' "].)[4]

---

Cal.5th 921, 942.) But McPeters's assault of the victim could not serve as the predicate felony. (See *People v. Chun* (2009) 45 Cal.4th 1172, 1178 ["all assaultive-type crimes . . . merge with the charged homicide and cannot be the basis for a second degree felony-murder instruction"].)

[4] In an unsigned declaration accompanying his petition, McPeters alleged "[t]he prosecution on my case asserted the theory of natural and probable consequences of an assault to charge me with second degree murder." To the extent McPeters is contending the prosecution improperly asserted he demonstrated malice because the natural and probable consequences of his assault on the victim was death, McPeters conflates two different theories.

"Before Senate Bill No. 1437, 'the natural and probable consequences doctrine was an exception to the actual malice requirement'—i.e., the requirement of either express or implied malice." (*Rivera, supra*, 62 Cal.App.5th at p. 231.) "The name of the doctrine is confusing, since implied malice also incorporates the idea of 'natural and probable consequences,' but the two concepts are distinct. Whereas implied malice is based on 'the "natural and probable consequences" of a defendant's *own* act' the natural and probable consequences doctrine was 'a theory of vicarious liability under which "[a]n aider and abettor [was] guilty not only of the intended, or target, crime but also of any other crime a principal in the target crime actually commit[ted] (the nontarget crime)" '—including murder—' "that [was] a

*(Fn. is continued on the next page.)*

9

Because McPeters cannot demonstrate a reasonable probability that his petition would not have been summarily denied without an evidentiary hearing if he had been afforded the assistance of counsel, he has failed to demonstrate prejudicial error.

## DISPOSITION

The court's order is affirmed.
NOT TO BE PUBLISHED

CHANEY, J.

We concur:

ROTHSCHILD, P. J.

WEINGART, J.

---

natural and probable consequence of the target crime." ' "  (*Ibid*.) Thus, while defendants can no longer be convicted vicariously of murder based solely on their participation in a crime, they can still be convicted of murder under a theory of implied malice, which definition—including the idea of the natural and probable consequences of the defendant's own actions—remains unchanged.  (*Id.* at p. 232.)